Zackriah **RICHARDS**, Petitioner,

v.

William C. **HOLMAN**, Warden, Kilby Prison, Respondent.

Civ. A. No. 2128–N.

United States District Court
M. D. Alabama, N. D.

Feb. 15, 1965.

Sanford D. Weiss, Montgomery, Ala., court-appointed attorney for petitioner.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., State of Alabama, Montgomery, Ala., for respondent.

JOHNSON, District Judge.

The petitioner Richards, by order of this Court made and entered in this case on October 15, 1964, filed in forma pauperis his application for a writ of habeas corpus. On the same date, this Court, upon the request of the petitioner, appointed the Honorable Sanford D. Weiss, an attorney of Montgomery, Alabama, to represent the petitioner upon this proceeding.

Richards alleges that he is presently incarcerated by the State of Alabama at Kilby Prison, Montgomery, Alabama, in violation of his constitutional rights. More particularly, he complains that his constitutional rights were violated by the State of Alabama, acting through the Circuit Court of Covington County, Alabama, in 1961, and also acting through certain law enforcement officers, including a deputy sheriff and the circuit solicitor, both of Covington County, Alabama. The petitioner was arrested in Polk County, Florida, on or about December 4, 1960, upon charges originating from Covington County, Alabama, for burglary and grand larceny. On or about December 6, 1960, he was transferred from Polk County, Florida, to Okaloosa County, Florida, and subsequently, after waiving extradition, transferred to Covington County, Alabama.[1] After trial, during which he was found guilty by a jury for the offense of second degree burglary, he was, through the circuit judge acting for the Circuit Court of Covington County, Alabama, sentenced to the State penitentiary for a term of ten years on March 31, 1961, in State criminal case No. 1834 (the sentence he is presently serving and complains of).

As required by the order of this Court, William C. Holman, Warden, Kilby Prison, Montgomery, Alabama appeared in this cause through the Attorney General for the State of Alabama, by filing a return and answer to Richards' petition. This return and answer was filed with this Court on November 14, 1964. As a part of the return and answer of the respondent Holman, a motion to dismiss the petition for a writ of habeas corpus was presented. This Court, by order made and entered on November 16, 1964, determined and held that the matter was not to be disposed of on the motion to dismiss, but on a plenary hearing. See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. A pretrial hearing was held in this matter on December 4, 1964, and, as reflected by the pretrial order of this Court made and entered on said date, it was determined and held that the petitioner Richards had exhausted the remedies available to him in the courts of the State of Alabama, as required by Title 28, § 2254, United States Code. Upon the pretrial hearing, it was further determined and ordered that the inquiry to be conducted would be upon the following issues:

(1) Whether or not the petitioner was denied the services of an attorney during vital stages of his prosecution and subsequent to his arrest, and whether or not during this period he was subjected to prolonged questioning and coercion by the arresting officers for the purpose of obtaining (and they did obtain) a confession—the effect of which was to deny this petitioner due process.

(2) Whether or not the petitioner was denied due process through the admission during his trial of a forced confession; and

(3) Whether or not petitioner was denied due process by not being adequately, timely and fairly apprised as to the charges against him; and

(4) Whether or not petitioner was denied due process by the failure and refusal on the part of

---

1. There is no formal contention in this case that the extradition was illegal. In any event, see Greene v. United States, 154 F. 401 (5th Cir. 1907), cert. denied 207 U.S. 596, 28 S.Ct. 261, 52 L.Ed. 357; Goodspeed v. Beto, 5th Cir., Feb. 4, 1965, 341 F.2d 908.

the State authorities to provide him a transcript of the record of his trial and also counsel for his appeal.

The petitioner, Zackriah Richards, and his brother William Hosea Richards and his nephew Mitchell Young, were apprehended and taken into custody in Lakeland, Polk County, Florida, on the 4th day of December, 1960. The evidence in this case is not clear as to whether these individuals were originally taken into custody by the Florida authorities for investigation and prosecution in the State of Florida, or whether they were picked up by the Florida authorities to be held for several burglary and grand larceny charges that were pending against them in Covington County, Alabama. Nevertheless, on or about December 6, 1960, Chief Deputy Sheriff Harvey Wilson and Circuit Solicitor Joe Breck Gantt, both of Covington County, Alabama, proceeded to Bartow, Florida, the county seat of Polk County, where Zackriah Richards, his brother and nephew were being held in custody. These three prisoners were on that date transported by the Florida authorities and the chief deputy sheriff and circuit solicitor of Covington County, Alabama, to Crestview in Okaloosa County, Florida.

The evidence in this case is still not clear as to whether these prisoners were transported to Crestview for the purpose of being interrogated concerning offenses that were then being investigated in and by the officials of the State of Florida, or whether they were being transferred nearer to Alabama in contemplation of extraditing them to Covington County, Alabama. As to when these three prisoners were interrogated and the extent of the interrogation, the evidence as presented to this Court is in considerable conflict. Accepting the credible evidence and rejecting the evidence that this Court is not willing to accept, this Court finds that there was little, if any, interrogation of Zackriah Richards and his two companions by the authorities in Florida prior to the time they were transported from Polk County to Okaloosa County,

Florida. This Court further finds that there was little, if any, interrogation of Zackriah Richards and his two companions during the course of the trip to Okaloosa County, Florida. After depositing Zackriah Richards and his two companions in the Okaloosa County Jail in Crestview, Florida, Circuit Solicitor Gantt and Chief Deputy Sheriff Wilson, without interrogating Richards and his two companions concerning the Covington County offenses, returned to Andalusia, Alabama, where they remained until they returned to the Okaloosa County Jail in Crestview, Florida, on December 8, 1960. At this time they carried with them one or more burglary and grand larceny warrants for each of the three prisoners then being detained, charging them with committing these offenses in Covington County, Alabama, on or about the 2nd day of December, 1960. Upon the arrival of the circuit solicitor and the chief deputy sheriff of Covington County at the Okaloosa County Jail in Crestview, Florida, these two Alabama officials, together with some of the Florida officials, interrogated, separately and jointly, Zackriah Richards, William Hosea Richards, and Mitchell Young. Prior to this interrogation the evidence is uncontradicted that the officials advised these three prisoners that it was not necessary for them to make any statement that might incriminate them, and that anything they might say could be used in a criminal prosecution or prosecutions against them; they were specifically advised that they had a right to an attorney and could, if they desired, call one. Zackriah Richards never, at any time, during or prior to this interrogation, made any request for counsel. The only request that was made for counsel, according to the evidence in this case, was by William Hosea Richards, and this request was made to certain members of his family who were present as the prisoners were being removed from the Polk County Jail in Bartow, Florida. The evidence in the case concerning the length of questioning by the authorities in Crestview prior to the time each of the

three prisoners signed written confessions in front of a notary public, ranged from, according to Zackriah Richards' testimony, approximately five hours to William Hosea Richards' estimate of approximately eleven hours. The best this Court can determine, after considering all the evidence in this case, is that Zackriah Richards was questioned between two and three hours prior to the time he confessed. There is no contention in this case that physical punishment or physical abuse was inflicted upon either of the three prisoners. In this connection, it is appropriate to observe that Zackriah Richards, though having only about a ninth grade formal education, was mentally alert, intelligent and knowledgeable. This was not his first encounter with the law, he having been convicted in the State of Georgia for a similar offense a few years prior to the occasion now under consideration.

Some four or five days following December 8, 1960, Zackriah Richards and his two companions waived extradition by appearing before the proper authorities in the State of Florida, and were returned to Covington County, Alabama, where they remained incarcerated in the county jail until the latter part of March, 1961. From the time they were returned from Florida until the trial term, Zackriah Richards had been indicted by the Covington County grand jury on three separate charges of burglary and grand larceny. For identification purposes these were given Circuit Court case Nos. 1833, 1834 and 1836. The only judgment of conviction and sentence that is technically under consideration in this case is the conviction and sentence for second degree burglary in State court case No. 1834.[2]

There is no contention in this case that petitioner was financially unable to employ counsel to conduct an adequate defense for the prosecutions in the Covington County Circuit Court. As a matter of fact, the transcript of the trial record filed with this court by the State Attorney General reflects that Zackriah Richards was represented by two attorneys, the Honorable Clyde M. Love of Florala, Alabama, and the Honorable D. C. Laird, an attorney from Florida. The record further reflects that each of these attorneys was competent and conducted the defense of Richards in a diligent and highly skilled manner. D. R. Laird is now deceased; the evidence, however, reflects that Attorney Love continues to practice in Florala, Alabama. He did not testify in this case before this Court. Prior to the trial, the grand larceny counts in each of the three indictments were dismissed upon motion of the circuit solicitor. During the course of the trial the question was duly raised by the defense counsel as to the voluntary nature of the confession that had been made and signed by Zackriah Richards in Crestview, Florida. The circuit judge very properly excused the jury from this phase of the trial.[3] After a comprehensive inquiry, including the taking of the testimony from several witnesses, as offered by both the prosecution and the defense, the trial judge found, as a matter of law, that the confession was voluntarily made by Zackriah Richards and was given without any threats or promises or coercion of any kind on the part of either the Florida or Alabama officials.

2. The petitioner has completed service of the sentence imposed upon him in case No. 1833 and has not yet commenced the service of the sentence imposed in case No. 1836. This Court, however, by reason of the fact that the cases were investigated together and the trials were held on or about the same time, considers all the circumstances surrounding the investigation and prosecution in connection with all three of the cases.

3. Compare the action of the trial judge in excusing the jury from the courtroom while inquiring into the voluntary nature of a confession, as was done in this case, with that followed by the Jefferson County, Alabama, trial judge, which action was considered by this Court in Rudolph, Petitioner v. Holman, MD Ala., Dec. 2, 1964, 236 F.Supp. 62. The Covington County circuit judge's action in this case complies fully with the requirements of Jackson v. Denno, Warden, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

As stated above, the jury returned a verdict of guilty, and Zackriah Richards was sentenced in State court case No. 1834 to the State penitentiary for a period of five years.[4]

As to the first issue now presented, this Court specifically finds that Zackriah Richards was not subjected to any prolonged questioning and coercion by the arresting and investigating officers. This Court further finds that he was not denied the services of an attorney during this particular stage of his prosecution. To the contrary, he was specifically advised that he was entitled to an attorney and failed to make any request for one. The action by the Florida and Alabama authorities in questioning Zackriah Richards, as he was questioned in this case, did not violate any of his constitutional rights. See Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L. Ed.2d 977; see also the very recent opinion of the United States Court of Appeals for the Fifth Circuit in Edwards v. Holman, etc., 342 F.2d 679 (Feb. 9, 1965), wherein the Court of Appeals affirmed the action of this Court in making a similar finding that the confession was voluntarily given. The principles of Hamilton v. State of Alabama, 368 U.S. 52, 82 S. Ct. 157, 7 L.Ed.2d 114, concerning the constitutional right to an attorney upon arraignment are not applicable in this case. This Court must, therefore, conclude that the petitioner, Zackriah Richards, was not denied the services of an attorney during any vital stages of his prosecution and subsequent to his arrest to the extent that his constitutional rights were violated. This Court likewise concludes that the action of the Covington County trial judge in admitting the confession during the course of the trial comported in every respect with due process. Likewise, this Court must conclude that the arraignment in this case was at a time when Richards was represented by two attorneys, both competent and both of his own choice. No question was raised at that time that he had not been adequately, timely and fairly apprised as to the charges pending against him. As a matter of fact, when the warrant was served upon him while he was in Florida and before his removal to Alabama, he knew exactly what he was charged with in the case that he is now complaining about. The evidence in this case is not clear on the question of whether a preliminary hearing was conducted or whether the petitioner was taken before a committing magistrate. In this connection, see McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943); also see Edwards v. Holman, supra, where the Court specifically held that such a procedure is not technically necessary in a State court prosecution.

As to petitioner's last contention, that is, that he was denied due process of law by the failure and refusal on the part of the State of Alabama authorities to provide him a transcript of the record of his trial, and also their failure to provide him counsel for his appeal, the evidence in this case reflects that no request was ever made by or upon Zackriah Richards' behalf for a transcript and no request was ever made that counsel be provided to conduct his appeal from his conviction in the Covington Circuit Court. As a matter of fact, shortly prior to his conviction in the Covington County Circuit Court, he and one of his companions effected an escape from the Covington County Jail. For that reason, shortly after his conviction, the circuit judge ordered the removal of Richards and his two companions (who were also convicted on their trials) to Kilby Prison for safekeeping. The petitioner was therefore incarcerated in Kilby Prison shortly after his conviction in Covington County and during the time the appeal—if an appeal was to be taken and perfected—would have been prepared. The records presented to this Court in this case reflect that Zackriah Richards, through his lawyers, shortly after the conviction gave formal notice of appeal to the Circuit Court of Covington County and moved the Court to suspend execution of the sentence,

---

4. As to the other prosecutions and convictions, see footnote 2.

pending the said appeal. The Court granted this motion, suspended the execution of the sentence, and fixed bail in the sum of $2,500. There is no showing in this case that the attorneys who represented Richards during his trial withdrew or sought to withdraw; there is no showing that Richards was unable from a financial standpoint to employ other attorneys had they withdrawn; there was no request ever made by Richards, or on Richards' behalf, to have counsel appointed for him. As a matter of fact, the evidence in this case reflects that on May 19, 1961, less than sixty days after his conviction, he, through the Kilby Prison warden, advised the circuit judge that he desired that his appeal be rescinded and that he be allowed to commence the service of his sentence. The evidence in this case is clear, therefore, that petitioner Richards was not denied any due process by the failure on the part of the State authorities to provide him a transcript of the record of his trial and the failure of the State authorities to provide counsel for his appeal.

This Court now concludes that there was no violation of Richards' constitutional rights in connection with his prosecution and sentence in the Circuit Court of Covington County, Alabama, which prosecution and sentence resulted in his present incarceration by the State of Alabama. The evidence in this case reflects that as to every aspect of the proceeding petitioner Richards received substantial justice. There is nothing in this case, as reflected by the evidence, "offensive to the common and fundamental ideas of fairness" within the meaning of Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595; there was no denial of fundamental fairness within the meaning of Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, and Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, or Escobedo v. State of Illinois, supra.

In consideration of the foregoing, it is the order, judgment and decree of this Court that the petition for a writ of habeas corpus, filed herein by leave of this Court in forma pauperis by the petitioner, Zackriah Richards, on the 15th day of October, 1964, be and the same is hereby denied.

It is further ordered that petitioner Richards' application for a writ of habeas corpus be and the same is hereby dismissed.

It is the further order, judgment and decree of this Court that Zackriah Richards be and he is hereby remanded to the custody of the State of Alabama.