## HAMILTON v. ALABAMA.

No. 32.   Argued October 17, 1961.—Decided November 13, 1961.

*Constance B. Motley* argued the cause for petitioner. On the brief were *Orzell Billingsley, Jr., Peter A. Hall, Thurgood Marshall, Jack Greenberg* and *James M. Nabrit III.*

*George D. Mentz,* Assistant Attorney General of Alabama, argued the cause for respondent.   With him on the briefs were *MacDonald Gallion,* Attorney General, and *James W. Webb* and *John G. Bookout,* Assistant Attorneys General.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

This is a capital case, petitioner having been sentenced to death on a count of an indictment charging breaking and entering a dwelling at night with intent to ravish.[1] Petitioner appealed, claiming he had been denied counsel at the time of arraignment.   The Alabama Supreme Court, although stating that the right to counsel under the State and Federal Constitutions included the right to

---

[1] Another count charged breaking and entering with intent to steal.

counsel at the time of arraignment, did not reach the merits of the claim because to do so would require impeaching the minute entries at the trial,[2] which may not be done in Alabama on an appeal. 270 Ala. 184, 116 So. 2d 906. When petitioner sought certiorari here, Alabama responded saying that his remedy to attack the judgment with extrinsic evidence was by way of *coram nobis*. We denied certiorari. 363 U. S. 852.

Petitioner thereupon proceeded by way of *coram nobis* in the Alabama courts. The Supreme Court of Alabama, while recognizing that petitioner had a right under state law, 15 Ala. Code § 318, to be represented by counsel at the time of his arraignment, denied relief because there was no showing or effort to show that petitioner was "disadvantaged in any way by the absence of counsel[3] when he interposed his plea of not guilty." 271 Ala. 88, 93, 122 So. 2d 602, 607. The case is here on certiorari. 364 U. S. 931.

Arraignment under Alabama law is a critical stage in a criminal proceeding. It is then that the defense of insanity must be pleaded (15 Ala. Code § 423), or the opportunity is lost. *Morrell* v. *State,* 136 Ala. 44, 34 So. 208. Thereafter that plea may not be made except in the discretion of the trial judge, and his refusal to accept it is "not revisable" on appeal. *Rohn* v. *State,* 186 Ala. 5, 8, 65 So. 42, 43. Cf. *Garrett* v. *State,* 248 Ala. 612, 614–615, 29 So. 2d 8, 9. Pleas in abatement must also be made at the time of arraignment. 15 Ala. Code § 279. It is then

---

[2] The minute entries indicated that petitioner had counsel at the arraignment.

[3] Petitioner was first indicted for burglary and when arraigned had counsel present. Later, the present indictment, relating to the same incident, was returned. His counsel, who had been appointed, was advised that petitioner would be re-arraigned. But no lawyer appeared at this arraignment and we read the Alabama Supreme Court opinion to mean that the earlier appointment did not carry over.

that motions to quash based on systematic exclusion of one race from grand juries (*Reeves* v. *State,* 264 Ala. 476, 88 So. 2d 561), or on the ground that the grand jury was otherwise improperly drawn (*Whitehead* v. *State,* 206 Ala. 288, 90 So. 351), must be made.

Whatever may be the function and importance of arraignment in other jurisdictions,[4] we have said enough to show that in Alabama it is a critical stage in a criminal proceeding. What happens there may affect the whole trial. Available defenses may be as irretrievably lost, if not then and there asserted, as they are when an accused represented by counsel waives a right for strategic purposes. Cf. *Canizio* v. *New York,* 327 U. S. 82, 85–86. In *Powell* v. *Alabama,* 287 U. S. 45, 69, the Court said that an accused in a capital case "requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence." The guiding hand of counsel is needed at the trial "lest the unwary concede that which only bewilderment or ignorance could justify or pay a penalty which is greater than the law of the State exacts for the

---

[4] Arraignment has differing consequences in the various jurisdictions. Under federal law an arraignment is a *sine qua non* to the trial itself—the preliminary stage where the accused is informed of the indictment and pleads to it, thereby formulating the issue to be tried. *Crain* v. *United States,* 162 U. S. 625, 644; Rules 10 and 11, Federal Rules of Criminal Procedure. That view has led some States to hold that arraignment is the first step in a trial (at least in case of felonies) at which the accused is entitled to an attorney. *People* v. *Kurant,* 331 Ill. 470, 163 N. E. 411.

In other States arraignment is not "a part of the trial" but "a mere formal preliminary step to an answer or plea." *Ex parte Jeffcoat,* 109 Fla. 207, 210, 146 So. 827, 828.

An arraignment normally, however, affords an opportunity of the accused to plead, as a condition precedent to a trial. *Fowler* v. *State,* 155 Tex. Cr. R. 35, 230 S. W. 2d 810. N. J. Rules of Practice, Rule 8:4–2.

offense which they in fact and in law committed." *Tomkins* v. *Missouri*, 323 U. S. 485, 489. But the same pitfalls or like ones face an accused in Alabama who is arraigned without having counsel at his side. When one pleads to a capital charge without benefit of counsel, we do not stop to determine whether prejudice resulted. *Williams* v. *Kaiser*, 323 U. S. 471, 475–476; *House* v. *Mayo*, 324 U. S. 42, 45–46; *Uveges* v. *Pennsylvania*, 335 U. S. 437, 442. In this case, as in those, the degree of prejudice can never be known. Only the presence of counsel could have enabled this accused to know all the defenses available to him and to plead intelligently.

*Reversed.*