Abraham N. Geller, J.
This is a second coram nobis application by defendant, who has permitted the appeal from the denial of his first application to remain dormant. A review of the original papers discloses that he is now attempting to reassert the very same ground urged on the prior application, apparently hoping for a change of decision in light of the much-publicized opinion of the Supreme Court of the United States in Hamilton v. Alabama (368 U. S. 52 [Nov. 13, 1961]). In view of the circumstances the court deems it appropriate to set forth more explicitly the basis of its decision.
The defendant’s application for vacatur of the judgment of conviction upon his plea of guilty on December 15, 1947 to the crime of murder in the second degree is based upon the fact that, at his arraignment on August 28,1947 on the charge of the crime of murder in the first degree, the Judge then presiding assigned an attorney of the Legal Aid Society for the purpose of entering a not guilty plea for defendant. His contention is that such representation at arraignment by counsel not of his own choosing was a violation of his rights, and that the forced entry of a plea deprived him of the opportunity to move or demur with respect to the indictment.
In Hamilton v. Alabama (supra) it was held that the Alabama court’s failure to provide counsel before arraignment on a capital charge — stated to be a critical stage in a criminal proceeding under Alabama law, when certain pleas or motions must be made or be deemed irretrievably lost — vitiated the conviction.
Here the court did provide counsel at the arraignment and the proceedings then had, when considered together with the subsequent proceedings, conclusively indicate that all of defendant’s rights were preserved.
Section 322 of the Code of Criminal Procedure provides that a demurrer must be put in u either at the time of the arraignment, or at such other time as may be allowed to the defendant for that purpose.”
The order on the arraignment signed by the presiding Judge, as well as the minutes, show that a plea of ‘ ‘ not guilty ’ ’ was taken “ with leave to withdraw or move with respect to Indictment within two weeks.” The Judge at that time also advised defendant of his right to retain his own counsel to represent him. The record reveals that counsel of defendant’s own choosing, able and experienced in criminal proceedings, filed a notice of appearance on September 4, 1947, one week later, made no motions, and appeared with defendant on his plea of guilty to the lesser charge on December 15, 1947 and on his sentence on January 12, 1948.
*385 It is clear, then, that defendant’s right to representation by counsel of his own choosing and to take any and all steps available to him prior to or at the time of arraignment were fully preserved in this case, and that no prejudice whatsoever resulted from the entry of a not guilty plea at his arraignment by court-assigned counsel. The application is accordingly denied.