*The People* v. *Pablo Mojica Pedroza*  Cr-64-504
Cr-64-505
Cr-64-506

## APPENDIX

RIGHT TO ASSISTANCE OF COUNSEL

| United States | Puerto Rico |
| --- | --- |
| 1) *Powell* v. *Alabama*, 287 U.S. 45 (1932). The right to be heard includes the right to be heard effectively by counsel, and a state conviction for an offense which may entail capital punishment (rape) without complying with that requisite violates the due process of law of the Fourteenth Amendment. | 1) *Martínez* v. *Crosas*, 28 P.R.R. 713 (1920). The Bill of Rights, Art. 2, second paragraph, of the Jones Act, and the act creating the Grand Jury grant the right to assistance of counsel during the drawing and challenging of the jury. |
| 2) *Johnson* v. *Zerbst*, 304 U.S. 458 (1941). The right to assistance of counsel after the information has been presented is absolute, as required by the Sixth Amendment, unless such right is expressly and intelligently waived. (Possessing and passing counterfeit money.) | 2) *People* v. *Sierra*, 44 P.R.R. 76 (1932); *Zabala* v. *Rivera, Warden*, 71 P.R.R. 807 (1950); *People* v. *López Rivera*, 89 P.R.R. 774 (1964), footnote 1. There is no constitutional or statutory right to assistance of counsel during the appellate stage. |

3) *Betts* v. *Brady*, 316 U.S. 455 (1942). A state is not bound constitutionally to furnish counsel at the trial of an indigent defendant at all times and under any circumstances. Reversed in *Gideon* v. *Wainright*, 372 U.S. 335 (1963).

4) *Carter* v. *Illinois*, 329 U.S. 173 (1946). The need for assistance of counsel exists from arraignment to sentencing, inclusive.

3) *Ex Parte Hernández*, 54 P.R.R. 396 (1930). Having examined *Johnson* v. *Zerbst* and the Act of March 9, 1905 relative to the appointment of defense counsel in criminal prosecutions entailing life imprisonment or capital punishment, the failure to inform defendant of his right to be represented by counsel at the *trial* and to designate one in an offense which may entail life imprisonment is error (rape).

4) Cases subsequent to *Hernández, supra*, placed on the second paragraph of Art. 2 of the *Jones Act of 1917*, Bill of Rights, a scope identical with that placed by the Federal Supreme Court in *Zerbst* on the Sixth Amendment unqualifiedly establishing the right to assistance of counsel both *during the trial and during arraignment*, unless there is an express, conscientious and intelligent waiver. And this without being limited, as was done in *Powell* v.

*Alabama,* to felonies, once the guarantee was also extended to misdemeanors. See *Santiago* v. *District Court,* 54 P.R.R. 577 (1939), attempt to kill; *People* v. *Correa,* 54 P.R.R. 755 (1939), extortion; *People* v. *Mercado,* 54 P.R.R. 859 (1939), burglary in the first degree; *People* v. *Santana,* 55 P.R.R. 231 (1939), illegal use of explosives (misdemeanor); *Ex parte Oropesa,* 55 P.R.R. 274 (1939), murder; *Ex parte Rodríguez,* 55 P.R.R. 403 (1939), burglary in the second degree (misdemeanor); *People* v. *Ortiz,* 57 P.R.R. 457 (1940), breach of peace (misdemeanor); *Dijols* v. *Lugo, Warden,* 58 P.R.R. 5 (1911), illegal practice of the legal profession (misdemeanor); *Ex parte Casellas,* 58 P.R.R. 107 (1941), aggravated assault (misdemeanor); *Veguilla* v. *Saldaña, Warden,* 58 P.R.R. 877 (1941), murder in the second degree; *Jiménez*

5) *Dorsey* v. *Gill,* 148 F.2d 857 (1945) *cert. denied,* 325 U.S. 890. There is no constitutional right to be represented by counsel in habeas corpus proceedings before the federal courts.

6) *In re Groban,* 352 U.S. 330 (1957). There is no violation of the due process of law in denying to a person the right to assistance of counsel in an investigation conducted before a Fire Marshal which does not amount to a criminal prosecution.

7) *Chessman* v. *Teets,* 354 U.S. 156 (1957). There is right to assistance of counsel throughout the settlement of the trial record.

v. *District Court,* 59 P.R.R. 29, voluntary manslaughter.

5) *Ex parte Resto,* 55 P.R.R. 700 (1939); *Berríos* v. *Saldaña,* 59 P.R.R. 895 (1942). A defendant is entitled to assistance of counsel at the time of arraignment.

6) *Quiñones* v. *Saldaña,* 61 P.R.R. 75 (1942). Our positive law does not require that a defendant be assisted by counsel at the time of arraignment. Overruled in *Ruiz* v. *Rivera, Warden,* 71 P.R.R. 499 (1950).

7) *People* v. *Travieso,* 60 P.R.R. 518 (1942); *People* v. *Montes,* 64 P.R.R. 306 (1944); *People* v. *Rivera,* 66 P.R.R. 207 (1946); *Rivera* v. *Delgado, Warden,* 80 P.R.R. 800 (1958); *Soto Ramos* v. *Supt. Granja Penal,* 90 P.R.R. 711 (1964). There is no constitutional right to assistance of counsel at the stage prior to arraignment, but the conviction

shall not prevail of such deprivation, if transferred to the trial, constitutes an impartial prosecution.

8) *Crooker* v. *California,* 357 U.S. 433 (1958). A confession made to the police after expressly denying him the right to assistance of counsel at that stage does not necessarily render the confession thus obtained inadmissible at the trial. The due process of law is not violated by the states unless such denial infects the proceeding with an absence of that fundamental fairness essential to the concept of justice.

8) *Ruiz* v. *Rivera, Warden,* 71 P.R.R. 499 (1950); *Reyes* v. *Delgado,* 81 P.R.R. 906 (1960). There is right to assistance of counsel at the time of passing sentence. *Quiñones* v. *Saldaña,* 61 P.R.R. 75 (1942), was expressly overruled. See *Carter* v. *Illinois, supra* (1946).

9) *Cicenia* v. *Lagay,* 357 U.S. 504 (1958). The holding is the same as in *Crooker, supra,* to the effect that the question whether or not the lack of counsel at that stage constituted lack of justice was to be determined from all the concurring circumstances.

9) *Capeles* v. *Delgado, Warden,* 83 P.R.R. 668 (1961). Irrespective of whether or not petitioner is entitled to assistance of counsel in a habeas corpus hearing whenever such proceeding raises an issue of facts, the failure to designate counsel is error.

10) *Hamilton* v. *Alabama*, 368 U.S. 52 (1961). There is right to assistance of counsel at the time of arraignment whenever such act constitutes a critical stage in the criminal proceeding.

11) *Gideon* v. *Wainright*, 372 U.S. 335 (1963). The right to assistance of counsel guaranteed by the Sixth Amendment is fundamental and essential to a fair trial. Refusal of a state to grant assistance of counsel violates the due process of law guaranteed by the Fourteenth Amendment. (The offense in this case was a felony not punishable by death.) *Betts* v. *Brady, supra.* Reversed.

12) *Douglas* v. *California*, 372 U.S. 353 (1963). Denial of assistance of counsel on appeal to indigent persons constitutes discrimination.

13) *White* v. *Maryland,* 373 U.S. 59 (1963). Where the preliminary hearing constitutes a critical stage

10) *People* v. *Figueroa García*, 91 P.R.R. 707 (1965). The applicability of *Escobedo, supra,* is examined and distinguished on the basis of its facts.

11) See our Rules 22(c) and 23(a) of the Rules of Criminal Procedure of 1963. Also, Rules Nos. 4 and 57.

in the criminal proceeding, a conviction based on a plea of guilty before the magistrate without assistance of counsel violates the Fourteenth Amendment.

14) *Massiah* v. *United States*, 377 U.S. 201 (1964). Incriminating statements elicited by federal agents from defendant, in the absence of his attorney, violate the right to assistance of counsel under the Sixteenth Amendment.

15) *Escobedo* v. *Illinois*, 378 U.S. 478 (1964). Where the investigation of a crime is no longer a general inquiry and begins to focus on a particular suspect from whom the police elicits a confession after requesting and being denied the right to counsel, such action is unconstitutional. Under the circumstances of this case, defendant is entitled to counsel in the investigatory stage.