**STATE OF LOUISIANA ex rel. John Edward AMES**

v.

**J. Wayne ALLGOOD, Warden, Louisiana State Penitentiary, Angola, Louisiana.**

Misc. No. 819.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

July 27, 1965.

John Edward Ames, in pro per.

Teddy W. Airhart, Jr., Asst. Atty. Gen. of Louisiana, Baton Rouge, La., for respondent.

WEST, District Judge.

A bill of information filed on February 7, 1963, charged this plaintiff with armed robbery. On the same day he pleaded guilty, waived the 24-hour delay for sentencing provided by Louisiana law, and was sentenced to fifteen years at hard labor in the Louisiana State Penitentiary. On March 22, 1963, another bill of information was filed against plaintiff for simple escape, charging that on March 4, 1963, he escaped from the Louisiana State Penitentiary. The Court appointed counsel to represent him at that time, after which he pleaded guilty to simple escape and was sentenced to two years at the Louisiana State Penitentiary, to run consecutively with the fifteen year sentence previously imposed. In April of 1965, plaintiff filed a motion to dismiss the indictment (bill of information) originally filed against him on February 7, 1963, alleging that said indictment (bill of information) was defective. The Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, appointed Mr. Ben Lightfoot, Attorney at Law, to represent plaintiff, and after hearing, the motion to dismiss was denied. The present application for the issuance of a writ of habeas corpus was filed by plaintiff in this Court on May 3, 1963, alleging, among other things, that his constitutional rights have been violated in that he was not accorded his federally protected right to be represented by counsel in connection with the original charge of armed robbery lodged against him by the bill of information filed on February 7,

1963. Plaintiff has exhausted all available State Court remedies by having applied to the proper State Court for the issuance of a writ of habeas corpus before applying to this Court. An evidentiary hearing was held hereon and respondent answered by outlining the various steps taken by the State leading up to petitioner's incarceration and even alleges that plaintiff "was appointed counsel by the Nineteenth Judicial District Court." But respondent fails to point out that according to the minutes of that Court, counsel was not appointed to represent petitioner until April 26, 1965, over two years after the conviction and sentencing of petitioner to fifteen years at hard labor in the Louisiana State Penitentiary, and at that time counsel was appointed only to represent him in connection with his motion attacking the legality of the bill of information filed against him on February 7, 1963. The record in no way suggests or indicates that petitioner was ever advised by the Nineteenth Judicial District Court in February, 1963, of his right to be represented by counsel, nor does it in any way reflect a waiver of such right by petitioner.

The holding of the United States Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), is unmistakably clear to the effect that a person charged with a felony in a State Court is entitled to be represented by counsel, and that he must be advised of that right by the Court before he is arraigned. His mere failure to request counsel cannot be construed to be an intelligent waiver of that constitutionally guaranteed right. For some time there was doubt as to whether or not the holding of Gideon was to have retroactive effect. On this point, this Court is bound by the latest pronouncement of the United States Court of Appeal, Fifth Circuit. In the case of Williams v. State of Alabama, 341 F.2d 777 (C.A.5 1965), that Court specifically stated:

"For the reasons stated in Pate v. Holman, 5 Cir. 1965, 341 F.2d 764,

we hold that the principles established in Hamilton [Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114] and Gideon apply retroactively."

Therefore, rightly or wrongly, insofar as this Circuit at least is concerned, retroactive effect must be given to Gideon. Thus, in view of the record in this case, this Court is constrained to hold that the February 7, 1963, conviction and sentence of petitioner was invalid and contrary to law, and must therefore be reversed and set aside. But this does not mean that petitioner is, by this decision, set free. It merely means that the State of Louisiana must, within a reasonable time, say thirty (30) days, either proceed against plaintiff, according to law, or in the absence of such proceeding, dismiss him from custody. Judgment will be rendered accordingly.