Merrill Mack MOSER, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 16622.

United States Court of Appeals
Sixth Circuit.

July 20, 1966.

Boyce F. Martin, Jr. (Court Appointed), Louisville, Ky., for appellant.

John H. Cary, Asst. U. S. Atty., Knoxville, Tenn., J. H. Reddy, U. S. Atty., Knoxville, Tenn., on brief; Ottis B. Meredith, Asst. U. S. Atty., of counsel, for appellee.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and MATHES, Senior District Judge.*

---

* William C. Mathes, Senior District Judge of the Southern District of California, sitting by designation.

**PER CURIAM.**

Appellant, who is a Federal prisoner serving a sentence for bank robbery, appeals from the judgment of the District Court refusing to vacate the sentence pursuant to 28 U.S.C. § 2255.

Although several grounds for the relief sought were advanced in the trial court, only one is pressed here. This is that appellant was denied his Sixth Amendment right to the assistance of counsel for his defense because of, to quote appellant's brief, "the failure of counsel to be provided during the period from the time of * * * [appellant's] arrest [on July 12, 1963] to the time of the filing of the criminal information [on September 20, 1963]."

Appellant appeared before the District Court with his appointed counsel on September 20, 1963, at which time he waived indictment and consented to be prosecuted by information then filed by the United States Attorney. Appellant pleaded guilty to the charge of bank robbery as set forth in the information, and sentence and judgment were imposed and entered on October 23, 1963.

Specifically, appellant contends that the Sixth Amendment entitled him to the assistance of counsel following his arrest and before he was formally charged [cf. Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964)]; and he bases this contention upon Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

■ Assuming the holding in *Escobedo* is as broad as appellant would have it as to the necessity for appointment of counsel in a plea-of-guilty-non-capital case before formal charge has been brought, the fact remains that the judgment and sentence which appellant would set aside on the authority of *Escobedo* became final in 1963, while *Escobedo* was not decided until June 22, 1964. [378 U.S. 478, 84 S.Ct. 1758.] And the Supreme Court has just held that the *Escobedo* decision does not operate retrospectively. [Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (June 20, 1966); cf. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).]

■ Moreover, in our opinion Escobedo v. State of Illinois, supra, 378 U.S. 478, 84 S.Ct. 1758, is not applicable here, since there was no trial at which any incriminating extra-judicial statement was received in evidence against appellant, as in Escobedo's case. As the Court there pointed out: "The critical question * * * is whether, under the circumstances, the refusal by the police to honor * * * [Escobedo's] request to consult with his lawyer during the course of an interrogation * * * renders inadmissible in a state criminal trial any incriminating statement elicited by the police during the interrogation." [378 U.S. at 479, 84 S.Ct. at 1759; see Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).]

■ Finally, if it be assumed that there was error in failing to provide appellant with counsel from the time of the arrest until the time he was formally charged, it was an error which the record plainly shows did not affect any substantial rights of appellant in this non-capital case. [Cf. Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961).]

The record before us discloses that appellant was a man of 43 years at the time of sentence; a man who had committed a number of felonies in California as well as Tennessee; a man who admitted that he has had "quite a bit of experience with law enforcement officers and the Court." His plea of guilty was voluntarily and understandingly entered after consultation with competent counsel.

Whatever "error, defect, irregularity or variance" may possibly have occurred in the proceedings, from and after the time of appellant's arrest, did not therefore affect any of his substantial rights, and so "shall be disregarded". [Fed.R. Crim.P. 52(a).]

The judgment of the District Court is affirmed.