Alois C. Mazur, J.
From the evidence and testimony herein it developed that the defendant was arrested at or near a telephone booth from which he allegedly made a telephone call to a young girl and used obscene language in violation of section 555 of the Penal Law. The mother of the young girl had listened to the alleged conversation on a telephone extension, the telephone and police authorities were alerted and, while the defendant was still talking with the young girl, the call was traced to the booth in question and the arresting officer observed the defendant talking therein. Upon being arrested (or before) the defendant was not properly, fully and sufficiently given the Escobedo-Miranda warnings. The defendant was not questioned by the officers relative to the commission of the crime but merely informed of the nature of the charge and placed in a cell. At all times the defendant maintained his innocence. According to the police, after the defendant was placed in a cell, the young girl’s mother called the police station in order to inquire whether or not the police had apprehended the caller. The police told her to ‘ ‘ hold the line ’ ’ and went to defendant’s cell to inform him that the mother is “on the line ’ ’ and asked him whether or not he wished to speak to her in an attempt to exculpate himself. The defendant thereupon, according to the police, tallied to the mother about matters apparently unrelated to this case. The mother testified that the voice she heard speaking to her daughter and the voice she heard during the call to the police station were one and the same.
There is no issue as to whether or not “ obscene ” language within the purview of section 555 of the Penal Law was used. The evidence herein was clear and convincing that someone had in fact violated section 555 of the Penal Law.
Interestingly enough this is probably a case where the People technically need not have relied on voice identification. After all expert and lay testimony was probably available which could clearly show:
*170 1. That obscene words were nsed within the purview of section 555 of the Penal Law. (Provable by the testimony of the young girl and the mother).
2. That the telephone call was traced to a particular phone booth. (Provable by available expert testimony).
3. That said call was continued and terminated at a certain time. (Provable by testimony of the young girl, the mother, the arresting officer and the telephone company experts).
4. That at said time the defendant was observed talking to someone on the telephone in the particular phone booth in question. (Provable by the arresting officers).
Admittedly, however, the proof herein was not presented in a manner calculated to prove each of the above-described items and could not be properly construed to establish such a permissible theory of proof. In the opinion of the court the People deemed it necessary to rely upon voice identification in attempting to obtain a conviction of the defendant herein. It is for this reason that the People are confronted with the interesting and complexed issues raised by the defendant.
The defendant in effect maintains:
1. That the defendant’s conversation with the mother was in the nature of a confession or testimony and should not be admissible because he was not fully and properly given the Escobedo-Miranda warnings.
2. That the defendant was deprived of his right to counsel during a critical stage of prosecution, since he was not adequately advised of his rights relative thereto.
3. That the voice identification should be excluded since it was conducted without appropriate safeguards, without notice to, and in the absence of, defendant’s counsel or without giving the required Escobedo-Miranda warnings.
The instant fact situation does not simply constitute an attempt to have a person’s physical characteristics exhibited, displayed, elicited, used or analyzed. (In the manner, for example, of submitting to line-ups; to write or speak for identification ; to stand; to have one’s blood analyzed; to be photographed or fingerprinted; etc.). This court recognizes the long list ,of cases and the long-established practices which permit and perpetuate such police activities.
What is important and determinative, however, is the following sequence of events:
1. The defendant was never adequately advised of his constitutional rights to an attorney.
*171 2. The defendant was involved in a “ critical confrontation ” (i.e. to speak or not to speak, under what circumstances, under what safeguards??).
3. The results of defendant’s decision made in response to the critical confrontation became courtroom testimony for the People. (Again probably only because of the chosen theory of proof!).
Arguments may be made to the effect that the Escobedo and Miranda rationale is not applicable in the instant case because what was involved there was an attempt by the court to guarantee counsel for defendants in order to protect their “Fifth Amendment” rights. Admittedly, these rights may possibly not be involved here. However, what is involved is the long-established principle (at least since Powell v. Alabama, 287 U. S. 45) that all pretrial confrontations of the accused be scrutinized for violations of an accused’s right to counsel.
Now an accused’s right to legal counsel is not limited to the right to have an attorney advise him on “matters of law”. (If this was the case the defendant herein possibly — without so deciding — may have been compelled to submit legally to some type of voice identification process). More broadly, and more effectively, the law guarantees the accused a right to counsel also as to matters of fact — as to matters of guidance. An analysis of the “cases governing the right to counsel seems to indicate that an accused should have counsel, or know that counsel is available to him, at all “ critical ” confrontations or proceedings wherein the results might well have a substantial effect on the outcome of the trial itself. It seems that what is controlling is not the right to be given ‘ legal ’ ’ advice (i.e. advice on the law) as is the right to receive the “guiding hand of counsel ’ ’ in the situations so loosely described above.
One can only speculate as to exactly what an attorney (appointed or retained) would have or could have advised the defendant herein. One can only speculate as to what the defendant would have done had he been properly advised of all his rights (on the law, facts and procedure). However, there can be no doubt that the defendant was involved in a situation wherein an attorney’s advice or “guiding hand” would be highly beneficial. There also can be no doubt that, given a situation wherein a defendant has a right to be represented by counsel, there can never be an effective waiver of this right when the Escobedo-Miranda warnings are not given.
There can be no doubt that the right to counsel can only be truly effective and meaningful if the developed rationale and principles distilled from the Powell, Spano, Mapp, Hamilton, *172 Carnley, Gideon, Douglas, Massiah, Escobedo, Miranda and Wade cases are understood and applied. (Powell v. Alabama, 287 U. S. 45; Spano v. New York, 360 U. S. 315; Mapp v. Ohio, 367 U. S. 643; Hamilton v. Alabama, 368 U. S. 52; Carnley v. Cochran, 369 U. S. 506; Gideon v. Wainwright, 372 U. S. 335; Douglas v. California, 372 U. S. 353; Massiah v. United States, 377 U. S. 201; Escobedo v. Illinois, 378 U. S. 478; Miranda v. Arizona, 384 U. S. 436; United States v. Wade, 388 U. S. 218.)
In the instant case the defendant (at least according to the People’s version) submitted himself to a situation which was pregnant with the vices of suggestion. The defendant was brought to the phone in the police station after arrest and effectively as the person apprehended by the police for the acts complained of. To what degree, if at all, the complaining witness was actually influenced by the circumstances attending the voice identification will never be appreciated. What should be appreciated, however, is that the circumstances created a grave potential for prejudice, intentional or not, and therefore, required at least the giving of proper Escobedo-Miranda warnings.
Even though the court is reluctant to do so, it must, because of the afore-mentioned reasons, find the defendant not guilty on the evidence presented herein by the People.