Kenneth Woodrow **SPENCER**, Petitioner-Appellee,

v.

**John W. TURNER**, Warden, Utah State Prison, Respondent-Appellant.

No. 72–1318.

United States Court of Appeals, Tenth Circuit.

Oct. 30, 1972.

John D. Pearce, Salt Lake City, Utah, for petitioner-appellee.

Gregory D. Farley, Asst. Atty. Gen. (Vernon. B. Romney, Atty. Gen. and David S. Young, Chief Asst. Atty. Gen., on the brief), for respondent-appellant.

Before MURRAH, SETH and DOYLE, Circuit Judges.

PER CURIAM.

Appellant Warden here seeks reversal of a judgment granting the appellee's petition for a writ of habeas corpus. The issue is whether the constitutional rights of petitioner-appellee were violated when, following a robbery, the victim was allowed to identify appellee in the general area of the robbery within an hour after it occurred. The district court concluded that the circumstances of the identification tainted the subsequent in-court identification, whereby there was a violation of appellee's due process rights under the Fourteenth Amendment.

The incident in question occurred on October 2, 1969, at 9:00 p. m. A filling station in Salt Lake City was robbed, and the attendant stated that the robber wore a brown corduroy jacket, a light colored turtleneck sweater, brown shoes and also sunglasses. He carried a luger-style automatic pistol.

Approximately 35 minutes after the holdup, the police arrested appellee while he was driving his automobile and after he had stopped at an intersection. The inquiry was with reference to the robbery since appellee answered the description which had been given. However, the appellee refused to accompany the officer to the robbery scene and so mug shots of appellee were immediately shown to Hansen, the filling station attendant, who made an imperfect identification. Subsequently, Hansen was taken to the scene of the arrest and was allowed to view appellee. Hansen positively identified him as being the individual who had robbed him within the hour.

A search of the automobile yielded $30.00, two .22 shells and the empty gun box for a Colt Huntsman .22 pistol. The gun was not found, but a picture from the gun box taken from appellee was shown to Hansen who stated that the gun was similar to the one used by the person who robbed him.

A subsequent search of appellee's grandmother's home where he resided produced clothing which answered the description of that worn by the robber.

We conclude from a careful study of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), that the facts here presented are in no way parallel to those presented in *Wade* and *Gilbert,* definitive decisions in the area of invalid police identification.

In *Wade,* the lineup which was condemned occurred several months after the incident and several weeks following Wade's arrest, indictment and the appointment of counsel. Counsel was not present at the lineup. At trial the persons who identified Wade in the lineup testified as to the extrajudicial identification. The Supreme Court, on the ground that the post-indictment stage is a crucial and sensitive period in the trial process, condemned the actions of the officers. The Court relied on Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964) and Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961). The crux of the holding was that there was a

denial of counsel during proceedings which required the presence of counsel and that the pretrial identification or showup was carried out unfairly and in violation of Wade's constitutional rights, whereby the state court conviction could not stand.

*Gilbert* was similar in that it was also a post-indictment identification at which counsel was not present. Again, it occurred long after the incident, and again the Court ruled that the identification was invalid.

In a companion case, Stovall v. Denno, *supra,* a majority of the Court ruled that the one to one identification conducted two days after the assault and prior to arraignment and appointment of counsel was valid. The Supreme Court quoted approvingly from the opinion of the Second Circuit:

> \* \* \* The Court of Appeals, *en banc,* stated, 355 F.2d at [731] 735,
>
> "Here was the only person in the world who could possibly exonerate Stovall. Her words, and only her words, 'He is not the man' could have resulted in freedom for Stovall. The hospital was not far distant from the courthouse and jail. No one knew how long Mrs. Behrendt might live. Faced with the responsibility of identifying the attacker, with the need for immediate action and with the knowledge that Mrs. Behrendt could not visit the jail, the police followed the only feasible procedure and took Stovall to the hospital room. Under these circumstances, the usual police station line-up, which Stoval now argues he should have had, was out of the question."

The judgment of the Court of Appeals is affirmed. It is so ordered. 388 U.S. at 302, 87 S.Ct. at 1972.

The facts of the instant case, considered in their total context, do not point up a violation of appellee's constitutional rights. It is significant here that the identification was closely connected with the robbery itself; it was related in both time and space, and while identifications conducted in this manner, that is, by presentation of the accused to the victim, are not favored, there is no apparent reason for holding that the instant confrontation was either unfair or untrustworthy. The incident occurred at a time when it was important to the accused as well as the state to know whether the appellee should be released or held, and thus we cannot conclude that this hot pursuit identification which occurred on the street soon after the incident violated the Constitution or for that matter was unfair.

The judgment of the district court is reversed and the cause is remanded with instructions to the district court to dismiss the petition and the cause of action.