**The UNITED STATES of America**

**v.**

**Terrell Marion COOKSTON, Jr.**

**No. SA–73–CR–207.**

United States District Court,
W. D. Texas,
San Antonio Division.

April 19, 1974.

William S. Sessions, U. S. Atty. by John M. Pinckney, III, Asst. U. S. Atty., San Antonio, Tex., for plaintiff.

John E. Bakke, III, San Antonio, Tex., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO SUPPRESS AFTER THE INITIAL APPEARANCE

SUTTLE, District Judge.

The defendant, Terrell Marion Cookston, Jr., has moved to suppress a statement made to an agent of the Federal Bureau of Investigation during an in-custody interrogation. The relevant facts are not in dispute. Cookston was arrested on July 19, 1973 and taken before a United States Magistrate for his initial appearance early on the morning of July 20. The accused was informed of the charges against him and of the rights enumerated in Rule 5(c), F.R.Cr. P. Although defendant requested, and was appointed counsel, the Magistrate did not pause to have the attorney notified of the appointment and did not allow "the defendant reasonable time and opportunity to consult counsel." [1] In-

---

1. Rule 5(c), F.R.Cr.P. Additionally, 18 U. S.C. § 3006A(c) requires that appointed counsel represent the accused during the initial appearance. The Court does not reach the issue of whether the Magistrate's hasty disposition of the case in violation of Rule 5(c) and 18 U.S.C. § 3006A(c) provides an independent basis for suppressing the statement. See, Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

SEE PROFILE

stead, the Magistrate hastened to hear the defendant, pro se, on the issue of bail.[2]

Unable to make the $100,000 bail set by the Magistrate, Cookston was remanded to the custody of the United States Marshal. While defendant was in the Marshal's holdover tank, awaiting transportation to the Bexar County Jail, an attorney, employed[3] to effectuate his release, was attempting to locate him. The Bexar County jailers referred the attorney to the Federal Bureau of Investigation. He called that office twice, but was told by an agent that the FBI did not know where Cookston was being detained. Ten minutes after the second call, FBI agents took Cookston from the Marshal's holdover tank to the FBI office and conducted an extra judicial, secret, interrogation.

The interviewing agent obtained a written "waiver of rights" from defendant and proceeded to interview him in absence of counsel even though the FBI office knew that an employed attorney was attempting to see the defendant and the court appointed counsel had yet to learn of his appointment. The interview was concluded at 4:03 p. m. The statement was to be transcribed the next morning and brought to the defendant for signature.

The Magistrate's overworked staff finally had an opportunity to notify counsel of the appointment late that afternoon. The attorney did not learn of his appointment until approximately 4:00 p. m.

Throughout the afternoon, the employed attorney, who had not seen his client, had been calling the Bexar County Jail regularly. At 5:30, he was told that Cookston had been returned to the jail. Shortly thereafter, the employed attorney visited with defendant; he told him not to say or sign anything until after conferring with the appointed counsel. He then withdrew from the case. Early the next morning, appointed counsel conferred with defendant and advised him not to sign anything or give any further statements. Later that morning, when the FBI agent appeared, transcript in hand, the defendant followed the advice of counsel and refused to sign the statement.

■■ The Sixth Amendment of the Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . . to have the Assistance of Counsel for his defence." This right attaches at the stage when legal aid and advice becomes critical.[4] Once prosecution begins this stage is reached. In Kirby v. Illinois[5] the Supreme Court noted that "the initiation of adversary judicial criminal proceedings . . . marks the commencement of the 'criminal prosecutions' "[6] to which the guarantee of the Sixth Amendment applies. In federal prosecutions, the application of this standard leads inevitably to the conclusion that the right to counsel attaches at the initial appearance before the Magistrate.[7]

■ Indeed, Rule 5(c), F.R.Cr.P., guarantees that defendants be afforded

2. The Court recognizes that the application of Rule 5(c), F.R.Cr.P. might inconvenience the Magistrate and delay the proceedings. That delay, however, could easily be obviated. Once the rights of the accused are explained, he may choose to sign a limited waiver of counsel for purposes of the initial appearance. Even if the delay is required, the right to counsel outweighs the Magistrate's inconvenience and any evil caused by delay. Powell v. Alabama, 287 U.S. 45, 59, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

3. The employed attorney is the defendant's brother-in-law, who practices in Dallas. He accompanied the defendant's father to San

Antonio to help him effectuate the release of the family car, which had been impounded by the San Antonio police. In addition to aiding the defendant's father, the attorney accepted a minimal fee for representing the defendant.

4. E. g., Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961).

5. 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).

6. Id. at 689–690, 92 S.Ct. at 1882.

7. This conclusion is inevitable even though the right to an initial appearance before a Magistrate is of statutory rather than of

a "reasonable time and opportunity to consult counsel" during the initial appearance. Thus, Rule 5(c) is a statutory embodiment of the Sixth Amendment. The Sixth Amendment, however, is not the only constitutional guarantee involved. The Fifth Amendment guarantees that no person "shall be compelled in any criminal case to be a witness against himself . . . ." In Miranda v. Arizona,[8] the Supreme Court stated unequivocally[9] that:

> If [the accused] indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning . . . until he has consulted with an attorney and thereafter consents to be questioned.[10]

This language, which means precisely what its says,[11] indicates that the Fifth Amendment, as applied, is tied directly to the Sixth Amendment and after the initial appearance, the absence of counsel "stands as an impenetrable barrier to any interrogation."[12]

■ The government urges, however, that defendant waived his right to counsel. To sustain this argument, the government must overcome the heavy burden of proving that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to counsel.[13] Since the accused had requested counsel, the government, to meet its burden, must show that when the FBI initiated[14] the interrogation after the initial appearance, the accused was again offered counsel, but refused.[15] The government could not make this showing because counsel was not offered.[16] Accordingly, the government did not meet its burden of showing that the waiver, if any, was knowingly and intelligently made.

■ As the falconer of the criminal justice system, the judiciary must maintain control over law enforcement agency conduct.[17] When judicial supervision is less than vigilant, the rights of the accused are perilized; because the Magistrate relinquished control, the FBI was able to conduct an unlawful interrogation. They cloaked their transgressions in a "ceremony of innocence"[18] by using the Miranda warnings as a subliminal technique that enabled them to drown the accused in lip service rites. Accordingly, the Court holds inadmissible statements made by the accused after

---

constitutional dimensions. The constitutional right to counsel is triggered not because there is a right to an appearance, but because the appearance is part of the "adversary criminal judicial proceedings" *Id.* Moreover, there is an independent statutory basis supporting the accused right to counsel during the initial appearance. Title 18, U.S.C., § 3006A(c) provides that "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States Magistrate . . . through appeal . . . ."

8. 384 U.S. 436, 86 S.Ct. 1602 (1966).

9. United States v. Blair, 470 F.2d 331 (5th Cir. 1973).

10. 384 U.S. at 444–445, 86 S.Ct. at 1612.

11. United States v. Ramos, 448 F.2d 398 (5th Cir. 1971).

12. Escobedo v. Illinois, 378 U.S. 478, 496, 84 S.Ct. 1758, 1768, 12 L.Ed.2d 977 (1964)

(White, J., dissenting); *see* Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964).

13. Miranda v. Arizona, 384 U.S. 436, 475, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

14. To avoid any possible confusion, the Court finds that it was the FBI rather than the accused who initiated the interrogation.

15. United States v. Blair, 470 F.2d 331 (5th Cir. 1973). Once the accused requests counsel, a valid waiver can only be obtained after the actual offer of counsel.

16. A second reading of *Miranda* rights after the request cannot, in and of itself, constitute an offer of counsel. *See Id.*

17. "Constitutional right of an accused to be represented by counsel invokes, of itself, the protection of [the] trial court . . . ." Johnson v. Zerbst, 304 U.S. 458, 465, 58 S. Ct. 1019, 1023, 82 L.Ed. 1461 (1938).

18. Collected Poems of W. B. Yeats, The Second Coming, 184, first stanza (1966).

the initial appearance, but before he was afforded "reasonable time and opportunity to consult counsel" in contravention of Rule 5(c), F.R.Cr.P.[19]

---

19. *Compare* Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1966) with Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964) and Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) ; Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972) ; Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) ; *see* 18 U.S.C. § 3006A(c) ; 18 U.S.C. § 3501(b)(5).