[No. 6267–1.  Division One.  June 4, 1979.]

THE CITY OF SEATTLE, *Respondent,* v. DONALD JAMES WAKENIGHT, *Appellant.*

*Alan Corner,* for appellant.

*Douglas N. Jewett, City Attorney, Rod P. Kaseguma,* and *Darcy C. Goodman, Assistants,* for respondent.

RINGOLD, J.—Donald Wakenight appeals from a judgment and sentence after a conviction at a bench trial of driving while intoxicated. We affirm.

On February 9, 1977, a Seattle police officer arrested Wakenight for driving while under the influence of intoxicants. Wakenight was advised of his *Miranda*[1] rights and then transported to a Seattle police station, where he requested that he be placed in contact with a lawyer. When the officer asked Wakenight for the lawyer's name, he did not know a lawyer to call. The officer asked him "if [he] had a personal lawyer, family lawyer, or even a friend"; Wakenight replied that he did not. The officer then called

[1] *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966).

the office of the public defender, which advised that a lawyer could not be contacted unless a person has been arrested for assault, rape or first–degree murder.

Wakenight was then asked to perform some physical tests on a video tape. During the test, he again requested an opportunity to contact a lawyer. The video tape was stopped and he was taken to a telephone. The officer gave him a current Seattle telephone book and Wakenight turned directly to the listing of attorneys in the yellow pages. He made several telephone calls, receiving no answer. He then dialed 911 three times, although he had been advised by the officer that 911 was the police emergency number. Wakenight made no further calls and returned to the video tape room. The video tape was completed and Wakenight was then administered the Breathalyzer test, which resulted in a reading of .15.

On April 7, 1977, Wakenight was found guilty in municipal court of driving while under the influence of intoxicants, and on appeal to the Superior Court he was again found guilty.

Wakenight raises the following issue on appeal: Does the inability to be placed in contact with an attorney prevent the admission of a video tape, a Breathalyzer test and an alcohol influence report as evidence?

■■ Under article 1, section 22 (amendment 10) to the Washington State Constitution and the sixth amendment to the United States Constitution, a defendant, in all criminal prosecutions, has a right to counsel which arises at any critical stage in a criminal proceeding. *Hamilton v. Alabama,* 368 U.S. 52, 7 L. Ed. 2d 114, 82 S. Ct. 157 (1961). The test for determining the "critical stage" in a case of driving while under the influence of alcohol was stated in *Tacoma v. Heater,* 67 Wn.2d 733, 739, 409 P.2d 867 (1966): "It [the critical stage] was no later than the moment when, immediately after the police officers had conducted their tests for sobriety and had interrogated the defendant, they charged him with the offense."

These basic constitutional rights have been implemented by our criminal rules. CrR 3.1(a) and (b) provide in part:

(1) The right to counsel shall extend to all criminal proceedings for offenses punishable by loss of liberty regardless of their denomination as felonies, misdemeanors, or otherwise.

. . .

(1) The right to counsel shall accrue as soon as feasible after the defendant is taken into custody, when he appears before a committing magistrate, or when he is formally charged, whichever occurs earliest.

Further, CrR 3.1(c)(2) provides:

At the earliest opportunity a person in custody who desires counsel shall be provided access to a telephone, the telephone number of the public defender or official responsible for assigning counsel, and any other means necessary to place him in communication with a lawyer.

■ In the instant case, Wakenight was not an indigent and could afford to retain an attorney. The police officer did not deny Wakenight the assistance of counsel nor did he prevent him from seeking counsel of his own choice, but made every effort to assist him, including contacting the office of the public defender. The officer did everything he was required to do under both the state and federal constitutions and the criminal rules. The law does not require that the police discontinue their investigation because a criminal defendant is unable to contact an attorney. Accordingly, Wakenight was not denied his right to counsel.

■ Next, Wakenight argues that the trial court erred in admitting his statements recorded on the alcohol influence report form. The statements in question are as follows:

Officer: Have you been drinking?
Wakenight: Yes.
Officer: What?
Wakenight: Some beer.
Officer: How much?
Wakenight: Two, three, four, five.

These incriminating statements were recorded after Wakenight had requested the assistance of counsel. Such

statements were admitted in violation of *Miranda v. Arizona, supra.* We are, however, convinced that the statements made come within the rules of harmless error.

This rule of law was concisely stated by the United States Supreme Court in *Chapman v. California,* 386 U.S. 18, 24, 17 L. Ed. 2d 705, 87 S. Ct. 824 (1967), wherein the federal standard for determining harmless constitutional error was applied to the states, as follows:

There is little, if any, difference between our statement in *Fahy v. Connecticut* [375 U.S. 85, 86] about "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction" and requiring the beneficiary [prosecutor] of a constitutional error to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. We, therefore, do no more than adhere to the meaning of our *Fahy* case when we hold, as we now do, that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.

In a recent decision of the United States Supreme Court on June 2, 1969, this harmless constitutional error theory of *Chapman* was again reiterated. In *Harrington v. California,* 395 U.S. 250, 23 L. Ed. 2d 284, 89 S. Ct. 1726 (1969), the court in effect held that constitutional error in the trial of a criminal offense may be held harmless if there is "overwhelming" untainted evidence to support the conviction.

*State v. Nist,* 77 Wn.2d 227, 233–34, 461 P.2d 322 (1969).

Here, the evidence of the Breathalyzer and the video tape that was properly admitted establishes beyond a reasonable doubt that Wakenight was guilty of driving while under the influence of alcohol. *See State v. Moore,* 79 Wn.2d 51, 483 P.2d 630 (1971); *Schmerber v. California,* 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826 (1966).

Affirmed.

JAMES and ANDERSEN, JJ., concur.