UNITED STATES, Appellee,

v.

Specialist Four Allen D. OLAH, Jr., SSN 386–64–1663, United States Army, Appellant.

CM 440832.

U. S. Army Court of Military Review.

16 Dec. 1981.

774

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Captain James A. McAtamney, JAGC, and Captain Kenneth G. Gale, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Kenneth H. Clevenger, JAGC, and Captain James C. Underhill, Jr., JAGC, were on the pleadings for appellee.

Before MITCHELL, MILLER and LEWIS, Appellate Military Judges.

### OPINION OF THE COURT

MILLER, Judge:

The appellant was charged with various violations of the Uniform Code of Military Justice and counsel had been appointed to represent him before he was examined by Dr. Stuen, a psychiatrist. Dr. Stuen examined the appellant at the request of appellant's commander and without prior notice to appellant's counsel. At trial, the Government called Dr. Stuen in rebuttal to appellant's claim that he was insane at the time of the commission of the offenses.

The issue is whether the failure to notify counsel prior to the psychiatric examination violated the accused's right to assistance of counsel. We hold, under the facts of this case, that it did not and affirm.

■ The Sixth Amendment of the United States Constitution provides that "[i]n all criminal prosecutions the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." This constitutional principle is not limited to the presence of counsel at trial; rather it extends to all "critical stages" of the criminal proceedings against an accused where counsel's absence might derogate from the accused's right to a fair trial. *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981); *Coleman v. Alabama,* 399 U.S. 1, 7, 90 S.Ct. 1999, 2002, 26 L.Ed.2d 387 (1969). *United States v. Wade,* 388 U.S. 218, 226–227, 87 S.Ct. 1926, 1931–1932, 18 L.Ed.2d 1149 (1967). Applying this test, the Supreme Court had held that "critical stages" include a pretrial arraignment where certain rights may be sacrificed or lost, *Hamilton v. Alabama,* 368 U.S. 52, 54, 82 S.Ct. 157, 158, 7 L.Ed.2d 114 (1961); a pretrial lineup, *United States v. Wade, supra; Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); and a preliminary hearing, *Coleman v. Alabama, supra.* This right similarly applies to the military. *United States v. Quick,* 3 M.J. 70 (CMA 1977) (a pretrial lineup); *see United States v. McOmber,* 1 M.J. 380 (CMA 1976) (criminal investigative interrogation after the appointment of counsel).

■ A psychiatric examination for the purpose of determining competency to stand trial is not a critical stage in a criminal prosecution so as to invoke the accused's right to the assistance of counsel. The Government is not gathering evidence that will aid in the establishment of facts showing the accused committed acts constituting a crime. The examination is a nonadversary proceeding that serves to provide the commander a guide in his determination of an appropriate disposition of a case. Moreover, such an examination does not involve the Fifth Amendment privilege against self-incrimination. *See United States v. Albright,* 388 F.2d 719, 722 (4th Cir. 1968). It follows that a sanity examination occasioned when an accused asserts the insanity defense or when the Government perceives the possibility of such a defense is likewise not a step in the criminal proceedings. The sole purpose of the examination is to enable an expert to form an opinion as to the accused's mental capacity to form a criminal intent. Outside this unique function, it has no other inculpatory significance and, were the Government to otherwise use the examination to aid in establishing facts proving the accused's guilt, the Fifth Amendment privilege against self-incrimination would apply. *United States v. Cohen,* 530 F.2d 43, 47–48 (5th Cir. 1976); *United States v. Bohle,* 445 F.2d 54, 66 (7th Cir. 1971); *United States v. Baird,* 414 F.2d 700 (2d Cir. 1969) *cert. denied* 396 U.S. 1005, 90 S.Ct. 559, 24 L.Ed.2d 497 (1970). This rule of exclusion applies to the use of the psychiatric examination for any purpose other than resolving a question of the accused's competency to stand trial or rebutting the issue of insanity which the accused has raised at trial. *Estelle v. Smith, supra.*

Although not entirely clear from the record, we are satisfied that the sanity examination conducted by Dr. Stuen was for the limited purpose of determining the accused's competence to stand trial.* The appellant, therefore, did not have a right to remain silent under the Fifth Amendment and Article 31(b), Uniform Code of Military Justice, 10 U.S.C. § 831(b) (1976). *See United States v. Albright, supra.* Moreover, as this examination was not a critical stage in the accused's criminal prosecution, the right to the assistance of counsel did not attach. *United States v. Cohen, supra; United States v. Bohle, supra.* The accused does not have a constitutional right to have counsel present at the psychiatric examination, *Estelle v. Smith, supra,* 101 S.Ct. at 1877 n.14; *United States v. Cohen, supra,* and since there is no need for counsel to instruct the accused not to answer questions for fear of factual self-incrimination, no conceivable prejudice attaches to the failure to notify counsel prior to the interview. The use of Dr. Stuen's testimony at trial to rebut the appellant's claim of insanity also involved no prejudice since the Government limited the use of Dr. Stuen's testimony to its proper purpose. *United States v. Jacquillon,* 469 F.2d 380, 389 (5th Cir. 1972), *cert. denied* 410 U.S. 938, 93 S.Ct. 1400, 35 L.Ed.2d 604 (1973).

*Estelle v. Smith, supra,* cited by appellant, does not establish a right to consult with counsel prior to a psychiatric examination. The narrow issue in *Estelle* was limited to whether the prosecution's use of psychiatric testimony at the sentencing phase of the accused's capital murder trial to establish future dangerousness violated his constitutional rights. *Id.* 101 S.Ct. at 1869. The court held that the Sixth Amendment right to counsel was violated because evidence of the accused's future dangerousness obtained during the psychiatric examination was a critical issue at the sentencing hearing and one in which the State had the burden of proof beyond a reasonable doubt before the death penalty could be imposed. The examination thus "proved to be a 'critical stage' of the aggregate proceedings against appellant." *Id.* 101 S.Ct. at 1877. The court also found the Fifth Amendment applicable because the State used as evidence against the accused the substance of his disclosures during the pretrial psychiatric examination. This problem does not exist in the present case.

We would be remiss in this case if we did not note that the appellant failed to object to the testimony of Dr. Stuen at trial. The reason for appellant's failure to object is apparent—the accused himself raised the issue of insanity at trial. This rendered moot the question of whether the accused was prejudiced by counsel's lack of notice. Alternatively, inasmuch as the accused suffered no prejudice, the error, assuming it existed, was harmless. *Cf. Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *See also* Mil.R.Evid. 103.

We have examined the appellant's other assignments of error and find them to be without merit.

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge MITCHELL and Judge LEWIS concur.

---

* This specific issue was not litigated at the trial level. However, attached to the record as Prosecution Exhibit 9 was Dr. Stuen's Report of Mental Status Evaluation (DA Form 3822–P). Dr. Stuen indicates that no specific information was given by the accused's commander as to the reason for the evaluation request. His evaluation was conducted to determine the accused's "mental capacity to understand and participate in [criminal] proceedings" and the appropriateness of administrative separation.