COBB, Judge,
concurring specially.
As the majority correctly noted, the United States Supreme Court in Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), began what is now a long line of cases that hold that the absence of counsel at arraignment constitutes reversible error, unless the record evidences a waiver of counsel. Hamilton, however, was a capital murder case, and the Supreme Court stated, “When one pleads to a capital charge without benefit of counsel, we do not stop to determine whether prejudice resulted.” 368 U.S. at 55, 82 S.Ct. at 159. In the ensuing 35 years, this court has applied Hamilton, without further analysis and without regard to the circumstances of the case, to all cases in which defendants were arraigned without counsel. While I must acknowledge that the rule of law in Alabama is presently as the majority has stated it, I believe that it is an unwise rule and one that is not necessarily mandated by Hamilton or any other case.
I believe that the better rule would be that the absence of counsel at arraignment, at least in noncapital cases, is subject to a harmless error analysis and does not necessarily require a reversal. When a defendant, such as Nettie Mae Weakley, is arraigned without counsel and pleads not guilty and later appears with counsel and pleads guilty, but never even attempts to raise a special plea or enter any other objection, it is impossible to argue that the initial lack of counsel resulted in any prejudice. The present rule, that I believe has carelessly evolved from Hamilton, mandates reversals that serve no purpose except to further burden, at both the trial and appellate court levels, an already overwhelmed justice system. Because Alabama law presently requires a reversal in this case, I must concur with the majority’s decision in this ease.