

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES EUGENE EDWARDS,

                Petitioner - Appellant,

      v.

GARY SWARTHOUT, Warden,

                Respondent - Appellee.

No. 11-16332

D.C. No. 3:08-cv-02841-WHA

MEMORANDUM[*]

DAVID E. EDWARDS,

                Petitioner - Appellant,

      v.

GARY SWARTHOUT, Warden,

                Respondent - Appellee.

No. 11-16337

D.C. No. 3:08-cv-02842-WHA

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted March 15, 2013
San Francisco, California

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: NOONAN, FISHER and NGUYEN, Circuit Judges.

California state prisoners James Edwards and David Edwards appeal the district court's denial of their 28 U.S.C. § 2254 habeas petitions. The court has been informed that James Edwards died on March 21, 2013. His appeal is dismissed as moot. *See Griffey v. Lindsey*, 349 F.3d 1157 (9th Cir. 2003).[1] With respect to David Edwards' petition, we have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

**1.** Appellant's briefing failed to address or apply the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), which sets forth the applicable, highly deferential substantive standard for federal habeas review of state cases. The opening brief did not mention or discuss the last reasoned state court decision, nor did appellant include this decision in the excerpts of record. Appellant neither argued nor demonstrated why the state court proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or why the state court proceeding "resulted in a decision that was based on an unreasonable

---

[1] Even if his appeal were not moot, we would affirm the district court's denial of James Edwards' habeas petition for the same reasons we affirm the denial of David Edwards' petition.

determination of the facts in light of the evidence presented in the State court proceeding," *id*. § 2254(d)(2). Instead, appellant simply sought de novo review of his constitutional claims. Issues not discussed in the opening brief are deemed waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996). Accordingly, any argument that appellant is entitled to relief under AEDPA is waived.

**2.** Even if the issues were preserved, appellant has not satisfied AEDPA's highly deferential standard. Both the California Court of Appeal and the state habeas court looked to appellant's course of conduct both before and after the arraignment, noting his refusal to enter a plea, to waive time, to retain counsel after several continuances or to accept court appointed counsel before finally opting to represent himself. The state habeas court found that in "these circumstances" there was "no denial of a formal arraignment" or "denial of counsel at arraignment, and the trial court was justified in entering a plea of not guilty [without prejudice] on their behalf." This conclusion was not contrary to or an unreasonable application of Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1); *Hamilton v. Alabama*, 368 U.S. 52 (1961); *see also Bell v. Cone*, 535 U.S. 685 (2002); *United States v. Cronic*, 466 U.S. 648 (1984); *United States v. Wade*, 388 U.S. 218 (1967). Nor

was it based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d)(2).

**CASE NO. 11-16332 DISMISSED AS MOOT.**

**CASE NO. 11-16337 AFFIRMED.**