**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHNEL M. BAILEY, | No. 08-16055 |
| Petitioner - Appellant, | D.C. No. 3:00-CV-01865-MMC |
| v. | |
| ANA M. RAMIREZ, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued and Submitted November 3, 2010
San Francisco, California

Before: ALARCÓN and RYMER, Circuit Judges, and TRAGER, Senior District Judge.[**]

Johnel Bailey appeals the district court's denial of his habeas corpus petition

under 28 U.S.C. § 2254. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

## I

Bailey's Sixth Amendment rights were not violated by the ex parte hearing at which the court decided whether to detain or release Troy Horton after his arrest on a bench warrant. The proceeding was not adversarial in nature but instead, concerned how the court would enforce its orders. Bailey's rights were not directly affected. He points to no Supreme Court precedent that would make this a critical stage of the prosecution at which his lawyer had to be present. *Cf. United States v. Wade*, 388 U.S. 218, 236-37 (1967) (post-indictment lineup) constituted a critical stage); *Hamilton v. Alabama*, 368 U.S. 52, 53-55 (1961) (arraignment); *Estelle v. Smith*, 451 U.S. 454, 470-71 (1987) (competency hearing for adverse child witness). Consequently, Bailey's right to counsel was not offended.

## II

Under the pre-*Crawford* law applicable to this case, the prosecutor was required to demonstrate Horton's unavailability before introducing his pre-trial, cross-examined testimony. *Ohio v. Roberts*, 448 U.S. 56, 65 (1980); *California v. Green*, 399 U.S. 149, 165 (1970). This includes "a good-faith effort to obtain [Horton's] presence at trial." *Barber v. Page*, 390 U.S. 719, 724–25 (1968). The prosecutor issued a subpoena, had Horton arrested and brought before the court – which itself took steps to assure that he would appear for trial. When he

nevertheless failed to appear and his preliminary hearing testimony was admitted, the California Court of Appeal's determination that Bailey was not denied his right to confront Horton is neither contrary to, nor an unreasonable application of, Supreme Court precedent.

## III

Bailey was not prejudiced regardless of whether counsel should have followed-up on Corey Burts. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). Burts was not an eye witness, and only knew what Bailey told him about the incident itself. To the extent Burts might have testified that the victim was a bully, that evidence would have been cumulative. To the extent Bailey claims that Burts would have bolstered his theory of "imperfect self-defense," as a matter of law that defense was unavailable because Bailey testified that he agreed to fight Moss, pulled out his gun, and shot Moss without retreating.

## IV

As we see no error, there is no cumulative error.

AFFIRMED.