**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 2 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

EUGENE ROBERT SNYDER,

Petitioner-Appellant,

v.

MIKE ADDISON, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

Respondents-Appellees.

No. 03-6050
(D.C. No. 02-CV-1214-C)
(W.D. Okla.)

---

ORDER AND JUDGMENT   *

---

Before **BRISCOE** and **McKAY** , Circuit Judges, and    **BRORBY** , Senior Circuit
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-appellant Eugene Robert Snyder was convicted by an Oklahoma state court jury of robbery with a firearm after former conviction of two or more felonies, and he received a twenty-year prison sentence. The Oklahoma Court of Criminal Appeals (OCCA) affirmed petitioner's conviction and sentence on direct appeal. Subsequently, the OCCA also affirmed the denial of petitioner's application for post-conviction relief. Pursuant to 28 U.S.C. § 2254, petitioner then filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Oklahoma.

Following the district court's denial of his habeas petition, petitioner filed the instant pro se appeal in this court. We granted petitioner a certificate of appealability (COA) with respect to the following issues:

> Whether petitioner received state-induced ineffective assistance of trial counsel in light of the trial court's refusal to grant a continuance, and/or ineffective assistance of counsel, irrespective of state conduct, when trial counsel failed to adhere to Oklahoma procedural rules in moving for a continuance.

Order filed August 1, 2003 at 1-2. [1] We conclude that petitioner has failed to establish that he is entitled to habeas relief based on his claims that he received ineffective assistance of trial counsel. Accordingly, we affirm the denial of petitioner's habeas petition.

---

[1] We previously entered a separate order denying petitioner's application for a COA with respect to four other issues. *See* Order filed on August 11, 2003 at 1-2.

**I.**

Petitioner was charged under Oklahoma law with robbing Warren Watkins and Tom Purtell on February 5, 2000. The robbery allegedly occurred inside petitioner's residence after a dispute arose over money that Purtell allegedly owed petitioner. According to Watkins and Purtell, another individual, Jimmy Don "Cracker" Wilson, ordered them to kneel on the floor and empty their pockets, and petitioner facilitated the robbery by brandishing a gun.

Petitioner's preliminary hearing took place on March 14, 2000, and he was arraigned on March 16. Although petitioner's trial was initially set to commence on an unspecified date during a trailing docket that began on April 3, *see* S.R. at 22, 182, [2] the trial judge who presided over petitioner's arraignment "assured trial counsel that [petitioner's] trial would not commence before April 10th." F.R., Doc. 11, Ex. C (summary opinion of OCCA on direct appeal) at 2 n.1. Nonetheless, on Friday, March 31, petitioner's trial counsel was informed by the trial judge who was to preside over petitioner's trial that the trial was to commence on Monday, April 3.

During a pretrial conference on the morning of April 3, petitioner's trial counsel moved for a continuance of the trial on the ground that he was unprepared

---

[2]  As used herein, "S.R." refers to the state-court record; "S.T." refers to the state-court trial transcript; and "F.R." refers to the record of the federal district court.

to proceed because: (1) as noted above, he had previously been informed by another judge that petitioner's trial would not commence until April 10; and (2) while a transcript of the preliminary hearing had been filed with the trial court on March 31, he did not received his copy of the transcript until the morning of April 3, and he therefore had "not really had a chance to adequately even go over the transcript, much less get prepared to call any kind of witnesses that might be helpful in a meaningful defense for Mr. Snyder." S.T. at 14. Petitioner's trial counsel also asserted that petitioner was "being denied effective assistance of counsel for not being able to adequately prepare in violation of his Sixth and Fourteenth Amendment Rights of the United States Constitution." *Id.* After noting that the case had been placed on a trailing docket, and that, as a result, the case had not been set for a "date and time certain," *id.* at 15, the trial judge denied the motion for a continuance, stating that "today is the first day of the jury term. I chose to try [this case] the first day," *id.*

Petitioner's two-day, two-stage, jury trial commenced immediately following the court's denial of the motion for a continuance. During the trial, petitioner's trial counsel participated in jury selection; he gave a brief opening statement; he objected to evidence presented by the prosecution; he

-4-

cross-examined the prosecutions' three witnesses, which included impeaching Watkins and Purtell with statements they made to the police; he presented two witnesses on behalf of petitioner; and he gave closing arguments. [3]

## II.

### A. Claims at Issue in This Appeal.

Relying on the Supreme Court's decisions in *United States v. Cronic*, 466 U.S. 648 (1984) and *Bell v. Cone*, 535 U.S. 685 (2002), petitioner claims that he received state-induced ineffective assistance of trial counsel because, by denying his trial counsel's motion for a continuance, the trial court forced his counsel to go to trial unprepared. In accordance with *Cronic* and *Bell*, petitioner claims that he is therefore entitled to a presumption of prejudice.

Alternatively, relying on *Strickland v. Washington*, 466 U.S. 668 (1984), petitioner claims that he received ineffective assistance from his trial counsel because counsel's performance at trial was deficient and he was prejudiced by his counsel's deficient performance. Although this court's COA order did not explicitly include petitioner's *Strickland* claim, the claim is closely related to petitioner's state-induced ineffective assistance claim under *Cronic* and *Bell*. We also note that respondents have addressed the merits of petitioner's *Strickland*

---

[3] During his trial, petitioner was represented by two court-appointed attorneys from the Oklahoma Indigent Defense System. To simplify matters, we will refer to petitioner's trial counsel only in the (masculine) singular.

claim in the brief they filed in response to the COA order. *See* Aplee. Br. at 6-14.[4] Thus, we liberally construe the grant of COA to include petitioner's *Strickland* claim.

The grant of COA also includes the specific issue of whether petitioner's trial counsel was ineffective in failing "to adhere to Oklahoma procedural rules in moving for a continuance." Order filed on August 1, 2003 at 1-2. We do not need to separately address this issue, however, because it is subsumed within the issue of counsel's deficient performance under *Strickland*, and we conclude that even if counsel's performance was deficient, petitioner's *Strickland* claim fails since he has not made a sufficient showing of prejudice arising from the denial of his motion for a continuance. *Cf. Warner v. State*, 29 P.3d 569, 575 (Okla. Crim. App. 2001) (holding that defendant received ineffective assistance from his trial counsel where counsel's performance was deficient because he failed to file a written motion for a continuance and a supporting affidavit as required by Okla.

---

[4] In its order affirming the denial of petitioner's application for post-conviction relief, the OCCA concluded that petitioner was procedurally barred from asserting his standard (or non-state induced) ineffective assistance of trial counsel claim because he had waived it by failing to assert it on direct appeal. *See* F.R., Doc. 11, Ex. I at 1-2. In this appeal, however, respondents do not argue procedural bar. "In light of the State's waiver, this court may consider the claim on its merits without addressing procedural bar." *James v. Gibson*, 211 F.3d 543, 557 (10th Cir. 2000).

Stat. tit. 12, § 668, and the deficient performance prejudiced defendant under *Strickland* ).

## B. Ineffective Assistance of Counsel Claims.

### 1. Standards of Review.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) governs whether petitioner may obtain federal habeas relief. Under AEDPA, if petitioner's ineffective assistance claims were adjudicated on the merits in state court, he is not entitled to federal habeas relief with respect to any legal issues unless he can establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). This limitation on our review is known as "AEDPA deference."

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000) (O'Connor, J., concurring). "'Unreasonableness' is gauged by an objective standard." *Miller v. Mullin*, 354 F.3d 1288, 1292 (10th Cir. 2004) (quotation omitted). As a result, "[i]t is not sufficient if the state court decision applied clearly established federal law erroneously or incorrectly; the application must be

objectively unreasonable." *Paine v. Massie*, 339 F.3d 1194, 1198 (10th Cir. 2003).

In its summary opinion affirming petitioner's conviction on direct appeal, the OCCA stated that it found "no state induced ineffectiveness of [trial] counsel," and the OCCA cited *Strickland* to support its conclusion. F.R., Doc. 11, Ex. C (summary opinion of OCCA on direct appeal) at 2. Consequently, the OCCA adjudicated petitioner's state-induced ineffective assistance claim on the merits. Further, because *Strickland* recognized the principle that state interference with counsel's assistance is legally presumed to result in prejudice in certain Sixth Amendment contexts, *see Strickland*, 466 U.S. at 692 (citing *Cronic*, 466 U.S. at 659 & n.25), the OCCA identified the correct governing legal principle from the Supreme Court's decisions, and the fact that it did so in a summary opinion is immaterial for purposes of AEDPA deference. *See Paine*, 339 F.3d at 1198. Consequently, we must conduct an independent review of the record and pertinent federal law and determine whether the OCCA's rejection of petitioner's state-induced ineffective assistance claim involved an "unreasonable application" of federal law. *Id.*

As noted above, petitioner is also asserting a standard (or non-state-induced) ineffective assistance claim under *Strickland*. Although petitioner asserted his *Strickland* claim in the post-conviction proceedings before the

OCCA, the OCCA did not address the merits of the claim because it determined that petitioner had waived the claim by failing to raise it in his direct appeal. *See* F.R., Doc. 11, Ex. I (order of OCCA affirming denial of post-conviction relief) at 1-2. As a result, the OCCA did not adjudicate petitioner's *Strickland* claim on the merits, and "the AEDPA standards do not apply." *Cook v. McCune*, 323 F.3d 825, 830 (10th Cir. 2003). Instead, we review petitioner's *Strickland* claim de novo. *See United States v. Whalen*, 976 F.2d 1346, 1347 (10th Cir. 1992) (noting that "the performance and prejudice prongs under *Strickland* involve mixed questions of law and fact which we review *de novo*").

### 2. *Cronic/Bell*.

We conclude that the OCCA's adjudication of petitioner's state-induced ineffective assistance claim did not result in a decision that involved an unreasonable application of the principles established by the Supreme Court in *Cronic* and *Bell*.

In *Cronic*, the Supreme Court "identified three situations implicating the right to counsel that involved circumstances 'so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.'" *Bell*, 535 U.S. at 695 (quoting *Cronic*, 466 U.S. at 658-59).

> First and "[m]ost obvious" was the "complete denial of counsel." *Id.*, at 659. . . . A trial would be presumptively unfair, we said, where the accused is denied the presence of counsel at "a critical stage," *id.*, at 659, 662, . . . a phrase we used in *Hamilton v.*

> *Alabama*, 368 U.S. 52, 54, . . . (1961), and *White v. Maryland*, 373 U.S. 59, 60 . . . (1963) (*per curiam*), to denote a step of a criminal proceeding, such as arraignment, that held significant consequences for the accused. Second, we posited that a similar presumption was warranted if "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Cronic*, *supra*, at 659. . . . Finally, we said that in cases like *Powell v. Alabama*, 287 U.S. 45, 53 . . . (1932), where counsel is called upon to render assistance under circumstances where competent counsel very likely could not, the defendant need not show that the proceedings were affected.

*Id.* at 695-96 (citing *Cronic*, 466 U.S. at 659-62) (footnote omitted).

The first situation is not implicated here because petitioner was represented by counsel at all times during the trial proceedings. Likewise, the second situation is not implicated because, as noted above, petitioner's trial counsel actively participated in all phases of the trial proceedings. *Id.* at 696-97 (noting that "[w]hen we spoke in *Cronic* of the possibility of presuming prejudice based on an attorney's failure to test the prosecution's case, we indicated that an attorney's failure must be complete. We said 'if counsel *entirely* fails to subject the prosecution's case to meaningful adversarial testing'") (quoting *Cronic*, 466 U.S. at 659); *see also Cooks v. Ward*, 165 F.3d 1283, 1296 (10th Cir. 1998) (holding that trial counsel's deficient performance during sentencing stage of trial did not "amount to kind of actual or constructive denial of counsel necessary to trigger a presumption of prejudice" where counsel conducted limited cross-examination, made evidentiary objections, and gave a closing argument); *Hooper*

*v. Mullin* , 314 F.3d 1162, 1175 (10th Cir. 2002) (holding that the "record [did] not support the conclusion that defense counsel entirely failed to subject the prosecution's case to meaningful adversarial testing . . . [where] Defense counsel cross-examined the State's guilt-stage witnesses, made objections to the State's evidence, presented some evidence in Petitioner's defense, and made opening and closing arguments"), *cert. denied* , 124 S. Ct. 97 (2003).

The third situation is also not implicated here. In *Cronic* , the Supreme Court cited to its decision in *Powell v. Alabama* , 287 U.S. 45 (1932) as an example of a case involving a situation where trial counsel is called upon to render assistance under circumstances where competent counsel very likely could not. *Cronic* , 466 U.S. at 659-60. *Powell* is inapposite for purposes of this case, however, because *Powell* involved an extreme situation where the trial court waited until the very day of trial to appoint counsel for the defendants. *Id.* at 660-61. By contrast, petitioner's trial counsel was appointed almost two months before his trial commenced, *see* S.R. at 12, and the shortening of counsel's trial-preparation time by one week is distinguishable from the extreme situation that existed in *Powell* .

### 3. *Strickland* .

To prevail on his *Strickland* claim, petitioner must establish that: (1) his trial counsel's performance was deficient; and (2) his trial counsel's deficient

performance prejudiced him. *See Strickland*, 466 U.S. at 687. "This court may address the performance and prejudice components in any order, but need not address both if [petitioner] fails to make a sufficient showing of one." *Cooks*, 165 F.3d at 1292-93. Here, we need only address the prejudice prong, which requires that petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

In his opening and reply briefs, petitioner refers in conclusory fashion to a number of failures of his trial counsel that allegedly prejudiced him at trial, and the failures can be summarized as a failure to develop a defense theory and a failure to discover and locate additional witnesses and evidence. Petitioner's conclusory allegations are insufficient to meet the prejudice prong of *Strickland*. *See United States v. Mealy*, 851 F.2d 890, 908 (7th Cir. 1988); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that even pro se plaintiffs must allege sufficient facts on which a recognized legal claim can be based, and that conclusory allegations will not suffice).

In addition, although petitioner has articulated two specific failures of his trial counsel that he claims prejudiced him, neither failure is sufficient, either alone or together, to establish prejudice under *Strickland*. First, petitioner claims that his trial counsel should have cross-examined the prosecution's witnesses with

-12-

certain impeachment evidence and inconsistent statements that were contained in their testimony at the preliminary hearing. *See* Aplt. Opening Br. at 25-26. Even assuming that petitioner has properly characterized the alleged impeachment evidence and inconsistent statements, petitioner has failed to establish a reasonable probability that this evidence would have resulted in a different outcome at trial.

Second, petitioner has submitted affidavits from two witnesses, Kathy Peacock and Greg Morgan, who were at his residence around the time of the robbery on February 5, 2000. *See* Aplt. Opening Br., Exs. A and B. Petitioner claims that he was prejudiced because his trial counsel failed to secure these witnesses' testimony for trial. [5] *See* Aplt. Reply Br. at 10-13. The affidavits fail to establish a reasonable probability that these witnesses' testimony would have resulted in a different outcome at trial because: (1) the witnesses admit that they were not at petitioner's residence at the time when the robbery allegedly occurred; and (2) the witnesses do not provide any testimony or evidence that affirmatively establishes that petitioner did not commit the robbery.

---

[5] Petitioner also claims that his trial counsel should have secured the testimony of a third witness, Melody Alexander. However, the record indicates that Ms. Alexander's whereabouts were unknown at the time of petitioner's trial. *See* F.R., Doc. 11, Ex. K (affidavit of petitioner's trial counsel) at ¶ 5. In addition, petitioner has made no showing concerning what Ms. Alexander's testimony would have been.

-13-

The judgment of the district court is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge