**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff- Appellee,

v.

JAMES DEWEY MOSER,

    Defendant – Appellant.

No. 13-3321
(D.C. Nos. 5:13-CV-04057-CM and
5:09-CR-40086-CM-1)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY AND DISMISSING APPEAL**

---

Before **KELLY, BALDOCK,** and **BACHARACH,** Circuit Judges.

---

Petitioner James Moser, appearing pro se, was convicted by a jury of numerous counts of bankruptcy fraud, as well as one count of conspiracy to commit bankruptcy fraud. He filed the instant 28 U.S.C. § 2255 petition asking the court to vacate or amend his sentence based on ineffective assistance of counsel. The district court denied relief and denied his request for a certificate of appealability (COA). Because Moser has failed to show he was prejudiced in any way by his counsel's alleged deficiencies, we deny his COA request, deny his motion to proceed *in forma pauperis*, and dismiss his appeal.

## I.

A sufficient factual background for Moser's convictions can be found in United States v. Moser, 453 F. App'x 762 (10th Cir. 2011), and we have reviewed that case. In short, at trial and on direct appeal, Moser had argued there was insufficient evidence to show he willfully concealed assets, in particular, a collection of coins and stamps that he had pledged as collateral for a loan, because they were in fact business assets of Hallmark Arabian Farms LLC (HAF), an LLC of which Moser was both a member and a manager. As such, Moser argued, he had no obligation to report these assets to his bankruptcy trustee. The jury disagreed and convicted him. We affirmed, holding "a reasonable trier of fact could have found Mr. Moser guilty of bankruptcy fraud for concealing the coins and stamps beyond a reasonable doubt." Id. at 768.

## II.

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA from a circuit justice or judge." Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003). Under 28 U.S.C. §2253(c), we may issue a COA "only where a petitioner has made a substantial showing of the denial of a constitutional right." Id. (internal citation omitted). To meet this standard, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Id. (internal citations and alteration omitted).

Moser's § 2255 petition essentially argues his trial counsel was ineffective for failing to sufficiently argue that the assets at issue were in fact business assets of HAF and that he therefore had no obligation to report them. His petition can be broken down into two arguments: First, he argues his counsel was deficient for failing to argue that under Kan. Stat. Ann. § 17-7689 he was no longer a member of HAF at the time he failed to report the coins and stamps. Second, he argues his counsel should have gone "document by document through expert testimony" to show that these assets belonged to HAF, not him. These arguments must be analyzed under Strickland v. Washington, 466 U.S. 668 (1984), which requires a showing of "both deficient performance by counsel and prejudice." Knowles v. Mirzayance, 556 U.S. 111, 112 (2009). Even assuming Moser could show deficient performance, he fails to show that reasonable jurists could debate whether he was prejudiced by any deficiency.

### A.

As to Moser's first argument, true, Kan. Stat. Ann. § 17-7689(a)(2), which Moser's counsel nowhere cited, provides that "A person ceases to be a *member* of a limited liability company and shall become an assignee . . . [when he] files a voluntary petition in bankruptcy." (emphasis added). And Moser filed a voluntary bankruptcy petition before failing to disclose the assets at issue here. Furthermore, the Supreme Court recently held, "An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance." Hinton v. Alabama, 134 S. Ct. 1081, 1089 (2014). However, even assuming Moser's counsel was deficient for failing to argue Kan.

3

Stat. Ann. § 17-7689(a)(2), Moser fails to show that reasonable jurists could debate whether he was prejudiced by this alleged deficiency.

To show prejudice, Moser "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In arguing prejudice, Moser essentially repeats his original defense theory, namely that, the assets at issue in his trial were business assets of HAF and Moser therefore did not need to disclose them. First, we note that Moser's counsel did argue at trial that these assets belonged to HAF, not Moser. Further, we fail to see how the ceasing of Moser's membership in HAF under Kansas law would give rise to a reasonable probability of a different result in his case.

Indeed, even assuming Moser was no longer a member of HAF under Kan. Stat. Ann. § 17-7689(a)(2), he must then have become an assignee of HAF, and as an assignee he retained at least some rights to the assets of HAF. See ASSIGNEE, Black's Law Dictionary (9th ed. 2009). Moreover, Kan. Stat. Ann. § 17-7689 did not affect his status as a manager of HAF. Compare Kan. Stat. Ann. § 17-7663(k) (defining "Manager"), with Kan. Stat. Ann. § 17-7663(l) (defining "Member") and Kan. Stat. Ann. § 17-7689 (referring only to members). Finally, and probably most damning, Moser previously admitted he had pledged the coins and stamps at issue as collateral and therefore retained some interest in them. See Moser, 453 F. App'x 762, 768 (10th Cir. 2011). For example, in his "Acknowledgment, Receipt of Collateral and Release," Moser referred to these assets as "personal property." Id. Indeed, "Moser admitted that *he* [not HAF]

4

pledged the coins and stamps as collateral." Id. (emphasis added). Given Moser's own admissions that the coins and stamps at issue were his personal property, no reasonable jurist could debate whether Moser was prejudiced by his counsel's failure to cite Kan. Stat. Ann. § 17-7689 when arguing Moser was not a member of HAF.

## B.

Moser's second argument likewise fails under Strickland's prejudice prong. He argues his counsel should have gone "document by document through expert testimony" to show that the assets at issue at his trial belonged to HAF, not him. But he does not reference a single document that could potentially support this claim. We consistently reject petitions that refer in conclusory fashion to failures of trial counsel that can be summarized as a failure to develop a defense theory and a failure to discover and locate additional witnesses and evidence. Snyder v. Addison, 89 F. App'x 675, 681 (10th Cir. 2004); see also Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that even pro se plaintiffs must allege sufficient facts on which a recognized legal claim can be based, and that conclusory allegations will not suffice). Therefore, Moser's conclusory allegations do not give rise to any reasonable debate as to whether he was prejudiced under Strickland.

For the above reasons, we DENY Petitioner's request for a COA, DENY Petitioner's motion to proceed *in forma pauperis*, and DISMISS his appeal.[1]

Entered for the Court,

Bobby R. Baldock
United States Circuit Judge

---

[1] Moser also argued that, although prison officials did not accept his notice of appeal until one day after the deadline to file it expired, he nevertheless timely filed under the Prison Mailbox Rule. See Houston v. Lack, 487 U.S. 266, 276 (1988); Price v. Philpot, 420 F.3d 1158, 1163 (10th Cir. 2005). Timely filing of a notice of appeal is a jurisdictional prerequisite to the hearing of the appeal, see Houston, 487 U.S. at 270, but so is a COA. Indeed, "until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." Miller-El, 537 U.S. at 335. Therefore, because Moser is not entitled to a COA in this case, we lack jurisdiction to decide the merits of his appeal anyway and need not decide whether he timely filed his notice of appeal.