FILED
United States Court of Appeals
Tenth Circuit

August 21, 2018

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTHONY RAMON HALL,

    Defendant - Appellant.

No. 18-5032
(D.C. Nos. 4:17-CV-00234-CVE-JFJ &
4:14-CR-00170-CVE-1)
(N.D. Okla.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

Anthony Ramon Hall, a federal prisoner appearing pro se, seeks a certificate of

appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2255

motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2253(c)(1)(B)

(requiring a COA to appeal an order denying a § 2255 motion). Exercising

jurisdiction under 28 U.S.C. § 1291, we deny a COA and dismiss this matter.

### I. BACKGROUND

Mr. Hall pled guilty to conspiracy to participate in a racketeering enterprise in

violation of 18 U.S.C. § 1962(d) and to conspiracy to possess with intent to distribute

and to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

841(b)(1)(A)(viii).  He did not file a direct appeal.  In his § 2255 motion, he alleged

two claims.  First, he alleged:

> counsel failed to investigate leads, interview witnessess
> [sic] prior to plea recommendations, subpoena witnessess
> [sic], failed to bring attention to the Court as to mitigating
> witnessess [sic] and evidence, failed to compel and review
> all relevant prosecution evidence prior to plea, failure to
> discuss content of PSR with defendant and lodge relevant
> objections prior to sentencing, failure to object to final
> sentence as unreasonable, error in advising client not to
> appeal final sentence, failure to communicate with client,
> failure to file motion to suppress, failure to file
> constitutional challenge to conspiracy statute of RICO act,
> and attorney conflict of intrest [sic].

Second, he alleged:

> Prosecutor witheld [sic] and failed to reveal exculpatory
> evidence that would have affected the degree of Movant's
> culpability.  Prosecutor also threatened potential
> witnessess [sic] who could have spoken to defendant's
> innocense [sic] and/or lack of involvement.[1]

Mr. Hall's motion provides no further information about his allegations.  He

did not attach an affidavit, and he did not file a brief.

In its response to the § 2255 motion, the Government argued that Mr. Hall had

provided no factual basis for his ineffective assistance claims and that the record

contradicted his claims.  The Government argued that Mr. Hall also had provided no

---

[1] The record on appeal is not paginated.  Mr. Hall's motion appears in volume
I and was document 464 in the district court docket.  The quoted passages appear on
pages 5 and 6 of the motion, respectively.

factual basis for his prosecutorial misconduct claims and that those claims are procedurally barred.[2]

In his three-page reply brief, Mr. Hall asserted, in apparent reference to his § 2255 motion, that he had listed "multiple facts" to support his ineffective assistance and prosecutorial misconduct claims. He also alleged that his counsel had a conflict based on her representation of a co-defendant of "Michael Minko," without explaining how there was a conflict, and that his counsel did not investigate an allegation that he had improperly used a cell phone in the "Holdeville prison," for which he was penalized at sentencing.[3]

The district court denied relief,[4] stating that Mr. Hall's "vague and conclusory allegations of ineffective assistance of counsel do not state a colorable claim for relief, and his § 2255 motion should be denied without an evidentiary hearing." The court also pointed out that the record contradicted Mr. Hall's complaints about his counsel's performance.[5] Although it did not specifically address the prosecutorial

---

[2] The Government's response was document 473 in the district court docket and is part of volume II of the record on appeal.

[3] Mr. Hall's reply brief was document 476 in the district court docket and is part of volume I of the record on appeal. The quoted material appears on page 2 of his brief.

[4] The district court's order denying relief was document 482 in the district court's docket and is part of volume I of the record on appeal.

[5] On page 8 of the order, the district court said, "For example, defendant now claims that [counsel] failed to review the PSR with defendant before his sentencing hearing, but he specifically admitted at his sentencing hearing that he had met with his attorney to discuss the PSR. Dkt. #470, at 2."

misconduct claim, the court said it had "considered each of the claims . . . and finds that his motion should be denied in its entirety."[6]  Quoting *United States v. Moya*, 676 F.3d 1211, 1214 (10th Cir. 2012) ("District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim."), the court declined to hold an evidentiary hearing.  Finally, the court denied a COA.

## II.  DISCUSSION

### A.  *Legal Background*

Five legal background points guide our disposition of Mr. Hall's COA request.

First, a COA is a jurisdictional pre-requisite to our review.  *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003).  We will issue a COA only if Mr. Hall makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

Second, the Supreme Court established the ineffective assistance of counsel standard in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, a defendant is entitled to relief if (1) counsel's performance was deficient, and (2) the

---

[6] The quoted passages appear on pages 8 and 9 of the order, respectively.

defendant was prejudiced by it. *Id.* at 687–88. The defendant bears the burden of establishing both components. *Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). A defendant establishes the first *Strickland* requirement by showing counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. To meet this requirement, the defendant must overcome a "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance . . . [and] might be considered sound trial strategy." *Id.* at 689 (quotations omitted). A defendant establishes the second requirement by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Third, a movant is procedurally barred from raising issues in a § 2255 motion that were raised on direct appeal or, absent a showing of cause and prejudice, should have been raised on direct appeal. *See United States v. Warner*, 23 F.3d 287, 289 (10th Cir. 1994). *But see United States v. Galloway*, 56 F.3d 1239, 1242 (10th Cir. 1995) (en banc) (holding that this procedural bar rule does not apply to claims of ineffective assistance of counsel).

Fourth, conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir.1994); *United States v. Rollow*, 357 F. App'x 966, 968 (10th Cir. 2009) (unpublished); *United States v. Moser*, 570 F. App'x 800, 802 (10th Cir.

5

2014) (unpublished).[7] Moreover, general conclusory allegations of ineffective assistance of counsel impose no obligation on the district court to conduct an evidentiary hearing. *See Anderson v. United States,* 367 F.2d 553–54 (10th Cir. 1966). We review a district court's refusal to hold an evidentiary hearing in a collateral attack proceeding for abuse of discretion. *See Anderson v. Attorney Gen. of Kan.*, 425 F.3d 853, 858 (10th Cir. 2005).

Fifth, and related to our fourth point, because Mr. Hall is a pro se movant, we liberally construe his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But we may not "assume the role of advocate," *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotations omitted); *see also United States v. Pinson*, 584 F.3d 972, 975–76 (10th Cir. 2009), and we do not "fashion . . . arguments for him," *Fisher*, 38 F.3d at 1147.

## B. *Analysis*

Mr. Hall's brief on appeal contains (1) a section numbered vii to xii that includes parts on "Statement of Issues" and a "Statement of Facts" and traces the procedural history of his case; and (2) a section numbered 1 to 12 that includes parts on "Jurisdiction," "Review Standard," and "Argument." The "Review Standard" part discusses cases about the requirement to obtain a COA to appeal the denial of § 2255 relief. The "Argument" part discusses the standards for ineffective assistance of counsel and for an evidentiary hearing. He does not point to any facts that might

---

[7] We cite unpublished cases here for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

6

support his claims. At the end of his brief, Mr. Hall states: "In the case at bar, Appellant's Affidavit enunciates facts in support of the issues raised in this request to grant a COA." Aplt. Br. at 11. Attached to his brief is Appendix D, his undated affidavit contending that his constitutional rights "were violated due to ineffective representation and prosecutorial misconduct in the following particulars." Mr. Hall then lists, almost verbatim, the allegations from his § 2255 motion quoted above.

Mr. Hall has failed to show that reasonable jurists could debate the district court's denial of his § 2255 motion. First, he failed to provide factual support for his litany of allegations regarding ineffective assistance of counsel. When the Government challenged him on this point in the district court, Mr. Hall continued to rely on his bare allegations in his § 2255 motion and the inadequate references in his reply brief described above. In the face of the district court's denial of his ineffective assistance claim, Mr. Hall now seeks a COA but points to nothing in the record to support his claim, and his affidavit merely repeats his conclusory allegations.

Second, he similarly fails to provide factual support for his prosecutorial misconduct claim. He does not describe any of the exculpatory evidence the prosecutor allegedly withheld or how he was prejudiced, *see Strickler v. Greene*, 527 U.S. 263, 281–82 (1999) (showing of prejudice required), nor does he identify any witness the prosecutor allegedly threatened. In any event, because his prosecutorial misconduct claim could have been raised on direct appeal, and he has not shown cause or prejudice for his failure to do so, it is procedurally barred in this § 2255 proceeding.

7

In sum, Mr. Hall has not made the required showing to receive a COA. The district court's denial of his § 2255 motion is not reasonably debatable.

Finally, in light of Mr. Hall's failure to demonstrate a factual basis for his allegations or to show how an evidentiary hearing would enable him to do so, the district court did not err when it declined to conduct an evidentiary hearing.

## III. **CONCLUSION**

We deny a COA and dismiss this matter.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge