MARTIN, Circuit Judge,
dissenting:
Today’s majority fashions a new requirement that trial counsel must be missing for a “substantial portion” of the trial before our court can presume a defendant was prejudiced by his lawyer’s absence. Maj. Op. at 1160-66. This requirement is not in keeping with the Supreme Court’s recognition in United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), that “[wjithout counsel, the right to a trial itself would be of little avail.” Id. at 653, 104 S.Ct. at 2043 (quotation omitted). More specifically, this “substantial portion of the trial” requirement is nowhere to be found in Cronic, which speaks of the denial of counsel “at a critical stage of [ ] trial,” with nothing indicating that counsel must go missing for a certain length of time during his client’s trial before we presume prejudice. Id. at 659, 104 S.Ct. at 2047 (emphasis added). The majority’s new test assumes that courts can somehow separate out critical from uncritical portions of trial based on the amount of time the defendant’s counsel was absent. Judge Wilson’s dissent ably explains why this arithmetic-based approach won’t work. See Wilson Op. at 1241-44.
The majority’s approach fails to honor the Supreme Court’s reason for creating the “critical stage” doctrine in the first place. The Supreme Court created the “critical stage” analysis not for the purpose of slicing and dicing parts of a trial into what looks (after the fact) to be important and what does not. Rather the Supreme Court relied on its “critical stage” analysis to expand the right to counsel beyond trial. I can’t fathom that in doing so the Court meant to imply that a defendant forfeits his Sixth Amendment right to counsel when he needs it most: during the trial itself. And the Court has certainly never suggested that the defendant can go without counsel while the government is introducing evidence of his guilt.
The Supreme Court’s development of the “critical stage” doctrine started with Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961). Charles Hamilton had no lawyer during his arraignment and was later sentenced to death. Id. at 52, 82 S.Ct. at 158. The Court explained that “arraignment ... is a critical stage in a criminal proceeding [because] [w]hat happens there may affect the whole trial.” Id. at 54, 82 S.Ct. at 158-59. For example, the Court continued, arraignment was a stage at which “[available defenses may be [] irretrievably lost” (just as at trial). Id. It is because the harm done to a defendant by standing alone at arraignment is so similar to the harm of standing alone at trial that the Supreme Court expanded the right to counsel to arraignments too. Id.
From there, the Supreme Court identified other “critical stages,” always based *1250 on the similarity of the non-trial proceeding to the trial itself. See United States v. Gouveia, 467 U.S. 180, 189, 104 S.Ct. 2292, 2298, 81 L.Ed.2d 146 (1984) (“Although we have extended an accused’s right to counsel to certain ‘critical’ pretrial proceedings, we have done so recognizing that at those proceedings, the accused is confronted, .just as at trial, by the procedural system, or by his expert adversary, or by both.” (emphasis added) (citation and quotation omitted) (alteration adopted)); see also, e.g., Mempa v. Rhay, 389 U.S. 128, 135-37, 88 S.Ct. 254, 257-58, 19 L.Ed.2d 336 (1967) (deferred sentence hearing); United States v. Wade, 388 U.S. 218, 236-37, 87 S.Ct. 1926, 1937, 18 L.Ed.2d 1149 (1967) (pretrial, postindictment lineup); White v. Maryland, 373 U.S. 59, 60, 83 S.Ct. 1050, 1051, 10 L.Ed.2d 193 (1963) (per curiam) (preliminary hearing). None of these cases show that the Supreme Court has ever “question[ed] the fact that the trial itself remains a critical stage of any criminal proceeding.” Burdine v. Johnson, 262 F.3d 336, 347 (5th Cir. 2001). After all, the “[t]rial is the central and focal point of the prosecutorial continuum, the forum in which the defendant’s guilt or innocence is determined.” Vines v. United States, 28 F.3d 1123, 1140-41 (11th Cir. 1994) (Birch, J., dissenting).
The majority ruling turns the idea of a “critical stage” on its head. It wields the “critical stage” inquiry as a sword against defendants, slicing away at the right to counsel during the trial itself.[1] In addition to being contrary to Supreme Court doctrine, this inquiry is not practical. Despite its hundred-plus pages of exhaustive treatment of cases from across the courts of appeals, the majority opinion leaves more questions than answers about when Cronic applies. Would a twenty-minute disappearance of counsel be enough? A half hour? Ninety percent of the government’s casein-chief? How about an absence for all of one government witness’s testimony? The Supreme Court’s treatment of the “critical stage” makes clear that we shouldn’t be asking those questions.[2] The question I read Cronic to require us to ask is much more straightforward. It asks whether the trial ever proceeded with no lawyer standing between the accused and the government. The Supreme Court has told us what to do when the answer to that question is yes: reverse the conviction. See Cronic, 466 U.S. at 659 & n.25, 104 S.Ct. at 2047 & n.25.
*1251 I certainly understand that reversing a conviction because counsel was gone for less than 1% of the entire trial may seem like an overcorrection. But the Supreme Court’s insistence that the total absence of counsel falls within the “very limited class” of structural errors reflects the Court’s belief that the damage from such an absence is impossible to measure. See Johnson v. United States, 520 U.S. 461, 468, 117 S.Ct. 1544, 1549, 137 L.Ed.2d 718 (1997). It’s true, as the majority points out, that the Supreme Court “has applied harmless-error analysis to a wide range of errors and has recognized that most constitutional errors can be harmless.” Arizona v. Fulminante, 499 U.S. 279, 306, 111 S.Ct. 1246, 1263, 113 L.Ed.2d 302 (1991). See Maj. Op. at 1167. But the Supreme Court has also repeatedly recognized that it is structural error “when counsel [i]s either totally absent, or prevented from assisting the accused during a critical stage of the proceeding.” Cronic, 466 U.S. at 659 n.25, 104 S.Ct. at 2047 n.25; see, e.g., Woods v. Donald, 575 U.S. -, 135 S.Ct. 1372, 1375, 191 L.Ed.2d 464 (2015); Bell v. Cone, 535 U.S. 685, 695-96, 122 S.Ct. 1843, 1850-51, 152 L.Ed.2d 914 (2002); Geders v. United States, 425 U.S. 80, 91, 96 S.Ct. 1330, 1337, 47 L.Ed.2d 592 (1976); Herring v. New York, 422 U.S. 853, 864-65, 95 S.Ct. 2550, 2556, 45 L.Ed.2d 593 (1975); Brooks v. Tennessee, 406 U.S. 605, 612-613, 92 S.Ct. 1891, 1895, 32 L.Ed.2d 358 (1972); Hamilton, 368 U.S. at 55, 82 S.Ct. at 159.
The majority reads this history to say there’s no reason to distinguish the right at issue here from those rights the Supreme Court has subjected to harmless-error review. Indeed, the majority says it would be “special treatment” to exempt the right to have your lawyer with you at trial from harmless-error review. Maj. Op. at 1188. This has it the wrong way around. The right to the presence of counsel is one of the rare rights for which the Supreme Court has presumed prejudice. It did so for a simple reason: “Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive for it affects his ability to assert any other rights he may have.” Cronic, 466 U.S. at 654, 104 S.Ct. at 2044 (quotation omitted); see also Kaley v. United States, 571 U.S. -, 134 S.Ct. 1090, 1107, 188 L.Ed.2d 46 (2014) (Roberts, C.J., dissenting) (“In many ways, this is the most precious right a defendant has, because it is his attorney who will fight for the other rights the defendant enjoys.”). The Supreme Court singled this right out for “special treatment,” and it is not for us to withdraw that protection.
I realize that debates like the one we have here could lead the Supreme Court to decide, in the future, that the right to counsel at a “critical stage” of trial is subject to harmless-error review.' But it has not done so yet. And in the absence of such a directive, we should not be cutting away at the precious right to counsel simply because we don’t like the prescribed remedy. The majority does that here. Indeed the majority distorts the right to counsel at a “critical stage” to such an extent that now the absence of defense counsel when the government is introducing inculpatory evidence — the time when a defendant needs his counsel the most — is harmless. I respectfully dissent.

. Professor Pamela S. Karlan describes a similar process of '‘surreptitious! ] redefinition]” with respect to the prohibition on racial discrimination in jury selection articulated in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). See Pamela S. Karlan, Race, Rights, and Remedies in Criminal Adjudication, 96 Mich. L. Rev. 2001, 2021 (1998). Professor Karlan explains that courts "have responded to the fact that many Batson violations might be found harmless if harmless error analysis were performed by declining to find a violation in the first place.” Id. In similar fashion, the majority here finds no violation of Cronic by redefining the parameters of the right to counsel at a critical stage of trial. By doing so, it avoids automatic reversal. As Professor Karlan explains, "when courts cannot calibrate the remedy, they fudge on the right instead.” Id. at 2015.

. Though I agree with Judge Rosenbaum’s explanation of Cronic and structural error in Parts I and II of her well-reasoned concurrence, I, like Judge Wilson, cannot agree with the proposal for a de minimis carve-out. Applying a de minimis exception dulls the precision of a presumed-prejudice rule and creates line-drawing issues in the same way as does the majority’s approach. After all, if a seven-minute absence is so de minimis that we cam examine actual prejudice, what absence would warrant the Cronic presumption? Again, twenty minutes? A half hour? It’s not clear how a court would decide. More importantly, I do not think we should sort large from small structural errors based on proportions and percentages.